1   ROBERT O'CONNOR
2   2108 SUMMIT DR.
    BURLINGAME, CA 94010
3   Plaintiff in Pro Se

*FILED*

APR - 4 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

14- 00178 KAW

| | |
|---|---|
| ROBERT H. O'CONNOR | Case No.: CV-~~13-5874~~ ~~NC~~ |
| Plaintiff, | PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS PLAINTIFF'S COMPLAINT |
| vs. | |
| JP MORGAN CHASE BANK, N.A. | Date: Time: Courtroom: 4, 3rd Floor Judge: Not assigned |
| Defendant. | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS**

NOTICE TO ALL INTERESTED PARITES: Robert O'Connor, ("Plaintiff"),

respectfully submits this Response in Opposition to the Motion to Dismiss filed by JP Morgan

Chase Bank, N.A. (collectively referred to as "Defendants").

1

1  **BRYAN CAVE LLP**
Daniel T. Rockey, California Bar No. 178604
2  Goli Mahdavi, California Bar No. 245705
Nathaniel W. Peters, California Bar No. 251514
3  560 Mission Street, 25th Floor
San Francisco, CA 94105
4  Telephone:    (415) 675-3400
Facsimile:    (415) 675-3434
5  Email:        daniel.rockey@bryancave.com
              goli.mahdavi@bryancave.com
6              jewett-brewsterm@bryancave.com

7  Attorneys for Defendant
8  JPMORGAN CHASE BANK, N.A.
(erroneously sued as "JP MORGAN CHASE")
9
          **IN THE UNITED STATES DISTRICT COURT**
10
      **NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION**
11

12  ROBERT H. O'CONNOR, a man          Case No.:  CV 14-00178 KAW

13          Plaintiff,                 Hon. Kandis A. Westmore

14          v.                         **NOTICE OF APPEARANCE**

15  JP MORGAN CHASE,

16          Defendant.                 Complaint filed:  January 13, 2014
                                        Trial date:       Not assigned
17
18
19
20
21
22
23
24
25
26
27
28

1

2    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

3        PLEASE TAKE NOTICE that Nathaniel W. Peters (California Bar 251514) of the law

4    firm of Bryan Cave LLP, hereby enters his appearance as counsel for Defendants JPMorgan Chase

5    Bank, N.A.   Counsel's contact information is as follows:

6                                    **BRYAN CAVE LLP**
                                     Nathaniel W. Peters
7                                 560 Mission Street, 25th Floor,
                                    San Francisco, CA 94105
8                                  Telephone: 415.675.3400
                                   Facsimile: 415.675.3434
9                                 Email: petersn@bryancave.com

10       All pleadings, discovery, responses and correspondence in this action should be served on

11   Nathaniel W. Peters and should be added to each party's service list.

12       **PLEASE TAKE FURTHER NOTICE** that Monique Jewett-Brewster (California Bar

13   No. 217792) is no longer assigned to this case, and should be removed from this matter and from

14   each party's service list.

15

16   Dated:  March 31, 2014                **BRYAN CAVE LLP**
                                           Daniel T. Rockey,
17                                         Goli Mahdavi,
                                           Nathaniel W. Peters
18
                                           By:   /s/ Nathaniel W. Peters
19                                               Nathaniel W. Peters
                                           Attorneys for Defendant
20                                         JPMorgan Chase Bank, N.A.

21

22

23

24

25

26

27

28

SF01DOCS\191792.1

NOTICE OF APPEARANCE

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.
## INTRODUCTION

1.      Plaintiff is proceeding, pro se in this case. Therefore, this Court must construe this claim liberally and hold it to a less stringent standard than the Court would apply to a pleading drafted by a lawyer. *See, Laber v. Harvey*, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

(a)      In *Picking*, the plaintiff's civil rights were 150 pages long and described by a Federal Judge as "inept." The Court held that where a plaintiff pleads pro-se in a suit for protection of civil rights, the court should endeavor to construe plaintiff's pleading without regard to technicalities. *Picking v. Pennsylvania Railway*, (151 F2d. 240) (N.J. is in 3r Cir.), Third Circuit Court of Appeals.

(b)      In *Walter Process Equipment v. Food Machinery*, 382 U.S. 172 (1965) it was held that in a "motion to dismiss, the material allegations of the complaint are taken as admitted." From this vantage point, courts are reluctant to dismiss complaints unless it appears the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. (*See, Conley vs. Gibson*, 355 U.S. 41 (1957).

2.      Moreover, Plaintiff claims that statements of counsel in motions, briefs or in oral arguments are not facts before this Court. (*See, Trinsey v Pagliaro*, 229 F. Supp. 647).

3.      Plaintiff respectfully submits the following Memorandum of Points and Authorities in Opposition to Defendants Motion to Dismiss ("Motion to Dismiss").

4.      Plaintiff in this action is a victim of unlawful acts perpetrated by Defendants, in efforts to unlawfully foreclose on Plaintiff's property. In doing so, Defendants have made numerous violation of the Fair Debt Collection Practices Act ("FDCPA"), Fair Credit Reporting Act ("FCRA"), Rosenthal Act, and California Credit Reporting Agency Act ("CCRAA").

5.      **Plaintiff, believes Defendants counsel is uninformed as to what this case is about, this case is about the same subject property as the pending state case, and indirectly**

2

regards the sale of the subject property, but this case is being brought forth in Federal Court due to the fact that Defendants are debt collectors and have not authenticated the debt, and as debt collectors Defendants have violated various Federal laws; and if Defendants counsel is not uninformed as to what this case is about then counsel is trying to confuse this Court with claims, allegations and facts that have no bearing in this suit.

6.      Plaintiff acknowledges that money is owed to someone, and at no time has it been Plaintiffs intention of not paying a debt he legally owes. Plaintiff is also not attempting to bolster his efforts to delay the foreclosure proceedings regarding the subject property as Defendants assert in their Motion to Dismiss. Plaintiff is merely asserting his right; a right that anyone including Defendants would defend or do something about. Defendants have yet to authenticate and verify the alleged debt. Plaintiff has asked Defendants to verify the debt (**Exhibit A**). If Defendants prevail, Plaintiff may be confronted by multiple parties demanding payment claiming to be entitled to collect the debt.

7.      The state court case filed on February 14, 2013 is presently pending. Plaintiff is open to a possible modification that Defendants have offered Plaintiff. Plaintiff is waiting on Defendants terms to see if they work for all the parties involved.

8.      Defendants have yet to authenticate and/or validate the alleged assignment (**Exhibit B**). Defendants are not a party to any alleged contract/agreement with the Plaintiff. Any and all information provided by Defendant is hearsay, unless Defendants provide an affidavit by an individual authorized to speak on the behalf of the party, who is an actual party to the alleged transaction.

9.      Plaintiff does meet his burden to allege a claim pursuant under 15 U.S.C. § 1681s-2(b) for inaccurate reporting. Defendants, here, by their own admission are "debt collectors" pursuant to 15 USC§1692a(6), 15 USC§1681n, and the state of California. Plaintiff is a "consumer" as that term is defined in 15 USC§1692a(3), 15 USC§1681, and CA Code 1788.2(c).

3

1    Defendants, whole claim under this cause of action is that they are not debt collectors.

2    Defendants are debt collectors (**Exhibit C**). Plaintiff has not applied for, neither received any

3    services or credit with Defendants. Additionally, Defendants obtained Plaintiff's consumer credit

4    report and made an inquiry on his report. Defendants obtained the credit report by

5    misrepresenting to the credit bureaus that they had a right to run Plaintiff's credit. Therefore,

6    Defendants intrusion into Plaintiff's personal credit file constitutes a willful and negligent

7    violation of 15 USC§ 1681q; thus, leading to inaccurate reporting.

8          11.    Under the FDCPA 15 U.S.C. § 1692 the term "debt collector" means any person

9    who uses any instrumentality of interstate commerce or the mails in any business the principal

10    purpose of which is the collection of any debts, or who regularly collects or attempts to collect,

11    directly or indirectly, debts owed or due or asserted to be owed or due another. **Defendants**

12    **clearly hold themselves out as debt collectors when they state, "WE ARE A DEBT**

13    **COLLECTOR…" (Exhibit D).** Defendants being debt collectors have no bases, which to state

14    any "Factual Background" in their Response as they are a third party, and thus everything they

15    have stated in their Response is hearsay, as Defendants are not a party to any contract with

16    Plaintiff.  The information, which Defendants are attempting to set forth as Facts in their

17    Response, is information that is public record and information that anyone could have been

18    obtained from any source. The same goes for any documentation Defendants provided to the

19    Court as an exhibit. None of the documents have been properly authenticated under the Federal

20    Rules of Evidence and thus cannot substantiate the existence of a debt. Even if the documents

21    presented by Defendants could substantiate the existence of a debt they don't prove Defendants

22    are the party entitled to collect.

23          13.    Plaintiff has never been provided with a contract or any type of agreement that

24    would entitle Defendant to collect from Plaintiff.

25

4

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

## II.

## FACTUAL BACKGROUND

Sometime in October 15, 2009, Plaintiff's debt was transferred. Defendant received a foreclosure letter on behalf of the Defendants. At that point, On or about July 24, 2013, Plaintiff served upon Defendants Notice of Validation of Debt pursuant to 15 USC§1692, FDCPA (**Exhibit E**). The notice required Defendant to validate/verify their alleged debt pursuant to 15 USC§1692g. Under the FDCPA 15 U.S.C. § 1692 the term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. Defendants clearly hold themselves out as debt collectors when they state, "WE ARE A DEBT COLLECTOR..." (**Exhibit F**). Defendants being debt collectors have no bases, which to state any "Factual Background" in their Response as they are a third party, and thus everything they have stated in their Response is hearsay, as Defendants are not a party to any contract with Plaintiff. The information, which Defendants are attempting to set forth as Facts in their Response, is information that is public record and information that anyone could have been obtained from any source. The same goes for any documentation Defendants provided to the Court as an exhibit. None of the documents have been properly authenticated under the Federal Rules of Evidence and thus cannot substantiate the existence of a debt. Even if the documents presented by Defendants could substantiate the existence of a debt they don't prove Defendants are the party entitled to collect. As of today, Plaintiff has not received a response from Defendants and they still have not verified/validated the debt.

5

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1        On November 22, 2013, Plaintiff obtained a copy of his consumer credit report from the

2  three (3) major reporting credit bureaus Equifax, Experian, and Transunion.  At that time

3  Plaintiff discovered Defendants have been reporting negative marks to all three credit reporting

4  agencies of this alleged debt that has not been verified.  Plaintiff on or around November 22,

5  2013, immediately filed a dispute with the credit agencies pursuant to 15 USC§1681, the FRCA

6  (**Exhibit G**). Defendants gained access to Plaintiff's credit report by misrepresenting the fact that

7  Plaintiff had given them permission to pull his credit report. Defendant never provided Plaintiff

8  with any credit and Defendant had not permissible purpose to pull Plaintiff's credit report

9  without permission.  The erroneous information put on Plaintiff's credit report by Defendants

10  still remains on Plaintiff's credit report. Due to this Plaintiff has suffered significant economic

11  harm as a result of the erroneous credit reporting by each of the Defendants. Defendants want to

12  get away with doing this by saying they are not debt collectors, however, as explained above by

13  their own admission Defendants are debt collectors (**Exhibit H**).

14

15        The above-detailed conduct by Defendants has more to do with their deceptive and illegal

16  acts in their attempt to collect an alleged debt, as opposed to any determined legitimacy of their

17  alleged debt.  The FDCPA, FCRA, and CCRAA relates to Defendants even if they were

18  collecting a legitimate debt.

19        Plaintiff therefore seeks damages as result of Defendants violation of the FDCPA, FCRA

20  and CCRAA.

21

22

23

24

25

6

# III.

## LEGAL ARGUMENT

**A.   STANDARD FOR MOTION TO DISMISS**

**1.      Rule 12(b)(6).**

Motions to dismiss for failure to state a claim under Federal Rules of Civil Procedure, Rule 12(b)(6) are viewed with disfavor, and, accordingly, dismissals for failure to state a claim are "rarely granted." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citation omitted). The standard for dismissal for failure to state a claim is that, unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See, Hartford Fire Ins. Co. v. California* 509 U.S. 764, 811 (1993) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cervantes v City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (emphasis added). The purpose of a motion under Federal Rule 12 (b)(6) is to test the formal sufficiency of the statement of the claim for relief in the complaint. *See, Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 7238 (9th Cir. 1987). The complaint must be construed in the light most favorable to the nonmoving party and its allegations taken as true. *See, Scheuer v Rhodes*, 416 U.S. 232, 236, (1974). This is not a procedure for resolving a contest about the facts or the merits of the case. In reviewing the sufficiency of the complaint, the issue is not whether the plaintiff will ultimately prevail, but whether the Plaintiff is entitled to offer evidence to support the claims asserted. *See, Scheuer v Rhodes*, 416 U.S. 232, 236 94 S. Ct. 1683, 40 L.Ed2d 90 (1974).

In deciding a motion to dismiss, the court must accept as true the allegations of the complaint and draw reasonable inferences in the plaintiffs favor. *Doe v. United States,* 419 F.3d 1058, 1062 (9th Cir. 2005). A court may not dismiss a complaint "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

Plaintiff respectfully asks the Court to apply the correct standard and dismiss the motion and allow the Plaintiff to amend his Complaint and for the case to proceed.

**B.**    **EXHIBITS TO COMPLAINT AND DEFENDANTS REQUEST FOR JUDICIAL NOTICE SHOULD NOT BE ALLOWED INTO RECORD**

Here, Plaintiff has no firsthand knowledge of any transaction as it relates to a third party. Accordingly, records reflect that Defendants are not known to Plaintiff and he has not conducted any consumer transactions with them. Further, Defendants identity is unknown to Plaintiff, and do not appear to be a known party to any transaction that he can recall. Thus, any facts, statements, or documents are not admissible unless supported by notarized, sworn affidavits, as otherwise anything else is considered to be hearsay.

Defendants are attempting to have certain documents admitted into evidence that are hearsay. Plaintiff cannot confirm or deny the existence of any documents Defendants are attempting to bring in. The documents Defendants are attempting to bring into evidence could have been attained anywhere. The documents are not substantiated or authenticated. The Federal Rules of Evidence, under Rule 201, state that judicial notice of Adjudicative Facts (b) kinds of facts that may be judicially noticed are facts the Court may judicially notice when the fact is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. (c) Taking Notice. The court: (1) may take judicial notice on its own; or (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

Here, the documents in questions are not generally known within the trial court's territorial jurisdiction. An instance of "general knowledge" in the community might be that a particular portion of Mission Street in San Francisco is a business district, or that traffic going towards Long Island beaches on Friday afternoon during the summertime is frequently very heavy. The documents being presented here are photocopies that we do not know how they were

8

reproduced or where they came from. We do not know the authenticity of these documents. Thus, these documents are not truly common knowledge.

These documents "cannot reasonably be questioned," for instance, a witness's recollection of something that the witness remembers happened would normally not be such a fact. Example: At issue in a particular case filed in federal court for state X is whether Corp, a corporation, filed for bankruptcy last year in state Y federal court, located in a different region of the country. The proponent calls Clerk, a clerk of state X federal court, to testify that he remembers that Corp filed for bankruptcy in state Y federal court last year. Clerk may be generally reliable, but he is not, on this point anyway, a "source whose accuracy cannot reasonably be questioned." Therefore, Clerk's testimony does not permit the judge to take judicial notice of the fact that Corp filed for bankruptcy last year in state Y federal court. There is no reliability in the present situation. Defendants cannot be questioned due to the fact that a bias exists here.

Furthermore, the documents submitted by the Defendants have not been authenticated. Due to this we do not know the accuracy of the contents of the documents or the trustworthiness of the document. Therefore, here the Defendants should not be allowed to bring in the purported documents under judicial request.

1.     **Further, if Judicial Notice is Procedurally Correct as to the Existence of Documents, It is not as to Their Contents.**

Plaintiff specifically disputes the contents of the documents contained in Defendants Request for judicial notice. Even though the Court may "take judicial notice of matters of public record outside the pleadings and consider them for purposes of the motion to dismiss," the Court may *only* take judicial notice of their existence of their existence, not as to their contents. "Taking judicial notice of a document is not the same as accepting the truth of its contents or accepting a particular interpretation of its meaning." *Joslin v. H.A.S. Ins. Brokerage*, 184 Cal. App. 3d 369, 374 (1986). While it is true that the acts of the *county recorder* may be subject to

9

judicial notice, Defendants compilation of such acts and the deductions that they proffer in that regard are not appropriate subjects for judicial notice. Without any sort of foundation as to the personal knowledge of the person making the statements contained in the documents, these are just records of acts from which nothing may be properly deduced.

> **"[T]he taking of judicial notice of the official acts of a governmental entity does not in and of itself require acceptance of the truth of factual matters which might be deduced there from**, since in many instances what is being noticed, and thereby established, is no more than the existence of such acts and not, without supporting evidence, what might factually be associated with or flow there from." (citations omitted).

*Mangini v. R.J. Reynolds Tobacco Co.*, 7 cal. 4th 1057, 1062 (1994) (emphasis added). While courts can take judicial notice of public records, they do not take notice of the truth of matters stated therein. *Love v. Wolf*, 226 Cal. App. 2d 378, 403 (1964). In addition, "when judicial notice is taken of a document…the truthfulness and proper interpretation of the document are disputable." *Stormedia, Inc. v. Superior Court*, 20 Cal.4th 449, 457, fn. 9 (1999).

Further, in *Poseidon Development, Inc. v. Woodland Lane Estates, LLC*, 152 Cal. App. 4th 1106 (2007), the court considered the scope of judicial review of a recorded document:

> "[T]he fact [that] a court may take judicial notice of a recorded deed or similar document does not mean it may take judicial notice of factual matters stated therein. For example, the First Substitution recites that Shanley 'is the present holder of beneficiary interest under said Deed of Trust.' By taking judicial notice of the First Substitution, the court does not take judicial notice of this fact because it is hearsay and it cannot be considered not reasonably subject to dispute."

*Id.* at 1117 (citations omitted). Therefore, the truthfulness of the contents of the recorded documents still remains subject to dispute. *See StorMedia*, supra 20 Cal. 4th at 457, fn. 9.

In this instant case, Defendants rely on several exhibits attached to their Request for Judicial notice, filed concurrently with their Motion to Dismiss, to support factual contentions which they seek to inject into the pleadings. For instance, Defendants rely on Exhibit "D" to support their position that Defendants U.S. Bank was actually assigned Plaintiff's Note and Deed of Trust. (Motion, p. 2). However, Plaintiff specifically disputes the validity and veracity of this

10

document. Plaintiff not only specifically disputes this proposition and the validity of this document, but also this is the precise type of hearsay that cannot be considered in the context of Defendants Motion. *Poseidon Development*, 152 Cal. App. 4th, at 1117. Pursuant to Rule 12, the Court is required to convert Defendants 12(b)(6) Motion into one for Summary Judgment, which requires providing Plaintiff the opportunity to conduct discovery and present material evidence.

### 2.   Plaintiff Can Sue to Determine the Authority of Defendant to Foreclose – MERS Did Not Have Authority to Assign the Deed of Trust.

California law states that foreclosure sales can be attacked "in extreme circumstances," *Melendrez v. D & I Investment, Inc.* (2005) 127 Cal. App. 4th 1238; 26 Cal. Rptr. 413. Courts will carefully scrutinize non-judicial foreclosures and set them aside if the borrower's rights have been violated. *Stirton v. Pastor* (1960) 2 Cal. Rptr. 135, 177 Cal. App. 2d 232.

Sometime between February 28, 2009 and May 9, 2009, it difficult to tell as the assignment seems to be fraudulent because the dates of the signature, and the date of the notary don't match, leading to a question about the authentication of the assignment of the deed (**Exhibit I**). An assignment of Deed was recorded in the San Mateo County Recorder's office further this document state for value, however it does not mention what the exact value is. Even if Defendants can provide a notarized document from Washington Mutual Bank, Defendants illegally obtained an assignment from Mortgage Electronic Registration Systems ("MERS"), who cannot as a matter of law assign a note from the original lender. *In Re: Walker*, Case No. 10-21656-E-11. The United States Bankruptcy Court for the Eastern District of California issued a ruling on May 20, 2010 in the matter of *In Re: Walker*, Case No. 10-21656-E-11, which found that MERS could not, as a matter of law, have transferred the note to Citibank from the original lender, Baryrock Mortgage Corp. The Court's opinion is headlined stating that MERS and Citibank are not the real parties in interest. The Court found that MERS acted "only as a nominee" for Bayrock under the Deed of Trust and there was no evidence that the note was transferred. The opinion also provides that "several courts have acknowledged that MERS is not

11

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

the owner of the underlying note and therefore could not transfer the note, the beneficial interest in the deed of trust, or foreclose on the property secured by the deed," citing the well-known cases of *In Re: Vargas*, *Landmark v. Kesler* (Kansas), *LaSalle Bank v. Lamy* (New York), and *In Re Foreclosure Cases* (the "*Boyko*" decision from Ohio Federal Court). Therefore, the Court concluded by stating: **"Since the claimant, Citibank, has not established that it is the owner of the promissory note secured by the trust deed, Citibank is unable to assert a claim for payment in this case."** Thus, any foreclosing party which is not the original lender which purports to claim payment due under the note and the right to foreclose in California on the basis of a MERS assignment does not have the right to do so under the principles of this opinion. Therefore, I believe this case would be considered to be an "extreme circumstance." *Melendrez v. D & I Investment, Inc.* (2005) 127 Cal. App. 4th 1238; 26 Cal. Rptr. 413. The Court in this case should carefully scrutinize this non-judicial foreclosure and set it aside; due to the fact that the Plaintiff's rights, here, have been grossly violated. *Stirton v. Pastor* (1960) 2 Cal. Rptr. 135, 177 Cal. App. 2d 232.

Further, in *Glaski v. Bank of America, et al*, 218 Cal. App. 4th 1079 (2013), the court concluded that borrowers are permitted to "pursue questions regarding the chain of ownership," a position the court stated was supported by *Herrera v. Deutsche Bank National Trust Co.*, 196 Cal.App.4th 1366, in which Deutsche's motion for summary judgment was denied based on the failure of Deutsche to establish it was the beneficiary under the deed of trust. As a result, in that case, "the court concluded that triable issues of material fact existed regarding alleged breaks in the chain of ownership of the deed of trust in question." *Id.* at p. 1378.

## C.   PLAINTIFF'S COMPLAINT DOES NOT FAIL TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

### 1.   Plaintiff Does Not Need to Tender the Amount of the Loan.

Defendants argue that Plaintiff's claims challenge the foreclosure process, and so he must allege tender. Plaintiff is not challenging the foreclosure process. Plaintiff is alleging that

12

Defendants conduct proves that it cannot identify the lender, and so Defendants efforts to attempt

to collect payments from Plaintiff and foreclose are illegal and fraudulent. The Court of Appeal

spelled out exceptions to the tender requirement in *Lona v. Citibank* (2011) 202 Cal. App.4th 89.

*Lona* brought an action to set aside the trustee's sale claiming that he was a victim of predatory

lending. *Lona* argued that he was not required to tender in order to seek equitable remedies or

damages because: (1) the deed of trust was illegal from the time of formation, and therefore,

unenforceable and non-assignable; and (2) his claims would offset any amounts claimed to be

due under the void agreements. *Lona* also argued that a tender was not required because his

claim was based on the illegality of the loan contract, and not any irregularity in noticing or

conducting the trustee's sale. The summary judgment was reversed.

A tender may not be required where it would be inequitable to do so. Also, if the action

attacks the validity of the underlying debt, a tender is not required since it would constitute an

affirmative of the debt. *Onofrio v. Rice*, (1997) 55 Cal.App.4th 413, 424 (citing 4 *Miller & Starr*,

Cal. Real Estate, Deeds of Trust & Mortgages § 9:154, at pp. 508-512).

Furthermore, Defendants are attempting to avail themselves to a defense which would

only be permissible if they were the actual creditor which they are not. Plaintiff restates the fact

that this complaint is not about the existence of a debt, but the behavior of Defendants, who are

debt collectors.

2.   **Plaintiff denies Defendants claim that Plaintiff's FCRA claim is not sufficiently pled.**

Defendants by their own admission are "debt collectors" pursuant to 15 USC§1692a(6),

15 USC§1681n, and the state of California. Plaintiff is a "consumer" as that term is defined in 15

USC§1692a(3), 15 USC§1681, and CA Code 1788.2(c). Defendants, whole claim under this

cause of action is that they are not debt collectors. Defendants are not creditors and rather by

their own admission, as stated above, are debt collectors (**Exhibit J**). Plaintiff has not applied

for, neither received employment, insurance or credit with Defendants. Additionally, Defendants

13

1   obtained Plaintiff's consumer credit report and made an inquiry on his report. Defendants

2   obtained the credit report by misrepresenting to the credit bureaus that they had a right to run

3   Plaintiff's credit. Therefore, Defendants intrusion into Plaintiff's personal credit file constitutes a

4   willful and negligent violation of 15 USC§ 1681q, which is a criminal offense (felony)

5   punishable under Title 18§USC, the penalty being a fine and or two years imprisonment.

6        Under the FCRA, 15 U.S.C. § 1681, et seq., consumer agencies are authorized to furnish

7   consumer reports only for certain "permissible purposes." If the credit transaction is not initiated

8   by the consumer, the consumer agency is further restricted, and may issue a credit report only if,

9   among other things, "the transaction of a firm offer of credit…" See 15 U.S.C. §

10  1681b(c)(1)(B)(i). Plaintiff asserts that Defendants violated §1681b(c) by obtaining credit

11  information without a "permissible purpose." As stated above Defendants obtained Plaintiff's

12  personal credit file, made inquiries and negative entries on his credit report without permission

13  and without a permissible purpose; there was absolutely no reason for Defendants to obtain

14  Plaintiff's credit report (**Exhibit K**). Thus, Defendants are in violation of the FCRA.

      **3.**    **Plaintiff can show Defendants violated the FDCPA, FCRA, and the CCRAA, and Have an Unfair Competition Act Claim.**

17        A specified public official or private person "who has suffered injury in fact and has lost

18  money or property as a result of the unfair competition," can bring a claim for unfair

19  competition. Cal. Bus. & Prof. Code § 17204. To have standing, Plaintiff must allege a "causal

20  connection" between the alleged violation and his injury in fact. See *Herrejon v. Ocwen Loan*

21  *servicing, LLC*, __F.Supp.2d__, 2013 WL 5934148, *12 (E.D. Cal. Nov. 1, 2013).

22        California's Unfair Competition Law ("UCL") prohibits "any unlawful, unfair or

23  fraudulent business act or practice . . . ." Cal. Bus. & Prof. Code § 17200. This cause of action is

24  generally derivative of some other illegal conduct or fraud committed by a defendant. *Khoury v.*

25  *Maly's of Cal., Inc.*, 14 Cal. App. 4th 612, 619, 17 Cal. Rptr. 2d 708 (1993). Plaintiff [*21]

alleges that Defendants violated the UCL by attempting to collect payments they lacked the right

to collect, and engaging in unlawful business practices by violating the FDCPA, FCRA and CCRAA.

Defendants have violated the unfair competition Act by violating the FDCPA, the FCRA and the CCRAA in that, Defendants "repeatedly and knowingly transmit[ed] incorrect credit information to credit reporting agencies, refus[ed] to conduct investigations, and refus[ed] to correct this information after being placed on notice of the error." In November 7, 2013, Plaintiff sent a dispute letter to the credit bureaus putting them on notice of the incorrect information they were furnishing (**Exhibit L**). Violation of the FCRA and the CCRAA is a violation of the Unfair Business Practices Act. *Cisneros v. UD Registry, Inc.*, 39 Cal.App.4th 548, 562-564 (1995). Plaintiff has introduced evidence showing repeated violations of both 15 U.S.C. § 1681s-2(b) and of California Civil Code § 1785.25(a).

**Standing**

Standing to bring a UCL claim requires "a person who has suffered injury in fact and has lost money or property as a result of the unfair competition." Cal. Bus. & Prof. Code § 17204. To have standing under the UCL, a plaintiff must sufficiently allege that (1) he has lost "money or property" sufficient to constitute an "injury in fact" under Article III of the Constitution, and (2) there is a "causal connection" between the defendant's alleged UCL violation and the plaintiff's injury in fact. *Rubio v. Capital One Bank*, 613 F.3d 1195, 1203-04 (9th Cir. 2010) (citing *Birdsong v. Apple, Inc.*, 590 F.3d 955, 959-60 (9th Cir. 2009); *Hall v. Time Inc.*, 158 Cal. App. 4th 847, 855-56, 70 Cal. Rptr. 3d 466 (2008)).

Here, Plaintiff alleges damages resulting from Defendants collection of payments they purportedly did not have the legal right to attempt to collect. These injuries are monetary, but also may result in the loss of Plaintiff's property. Furthermore, these injuries are causally connected to Defendants conduct. Thus, Plaintiff has standing to pursue a UCL claim against Defendants.

1

2

3      **Unlawful, Unfair or Fraudulent Conduct**

4            Under the UCL, there are three varieties of unfair competition—business acts or practices

5      that are unlawful, unfair, or fraudulent. Cal. Bus. & Prof. Code § 17200. "Each prong of the UCL

6      is a separate and distinct theory of liability," each offering" an independent basis for relief."

7      *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Furthermore, a claim under §

8      17200 is "derivative of some other illegal conduct or fraud committed by a defendant, and '[a]

9      plaintiff must state with reasonable particularity the facts supporting the statutory elements of the

10     violation.'" *Benham v. Aurora Loan Servs.*, No. C-09-2059, 2009 U.S. Dist. LEXIS 78384, 2009

11     WL 2880232, at *4 (N.D. Cal. Sept. 1, 2009) (*quoting Khoury*, 14 Cal. App. 4th at 619).

12           Plaintiff responds that he satisfies the unlawful prong through his allegations that

13     Defendants business practices violated the FDCPA, FCRA, and the CRAAA, and the fraudulent

14     prong because "Defendants business pattern, collecting debt they have no right to, is extremely

15     likely to deceive both Plaintiff[] and the public." Plaintiff alleges cognizable theories of

16     liability, including, among others, violations of the FDCPA, FCRA, and CRAA.

17           Defendants, egregious conduct has harmed Plaintiff in that his credit has been affected

18     drastically; Plaintiff's credit score has dropped and it is harder for him to buy things. This in

19     form is equivalent to losing money.

20     **D.    PLAINTIFF'S SECOND CAUSE OF ACTION FOR INVASION OF PRIVACY
            DOES NOT FAIL**

21

22           Defendants are debt collectors and a stranger to the Plaintiff. The Plaintiff does not know

23     who these Defendants are. Plaintiff has no contractual relationship with Defendants and has

24     never applied for credit or services with Defendants.

25           A Plaintiff's right to privacy is an enumerated in the State and Federal Constitution.

       Plaintiff has been damaged in that his proprietary, confidential, most personal information has

                                                    16

been unlawfully and illegally breached by Defendants who are debt collectors. More importantly

Plaintiff is most concerned with the fact that Plaintiff NEVER provided his social security

number to Defendants. Plaintiff can support this assertion by the mere fact that no credit,

application or services were ever applied for by Plaintiff or received by Defendants.

Plaintiff has a right to discovery, to determine where and how Defendants obtained his

personal, private information from. Plaintiff will investigate through discovery where defendant

obtained Plaintiffs social security number from, and what additional proprietary information was

obtained by the defendant illegally and unlawfully, and how that information is being used.

Defendants may also be guilty of identity theft under state and federal law.

The FCRA places certain responsibilities on furnishers of credit information to ensure

fair and accurate credit reporting. *Gorman*, 584 F.3d at 1153. Under Section 1681t(b)(1)(F),

states cannot impose any requirements or prohibitions on the duties of furnishers of credit

information as set forth under section 1681s-2. Section 1681h(e) suggests certain state claims

might not be preempted if the plaintiff pleads malice or willful intent to injure, which is the case

here. *Id.* at 1165.

Therefore Defendants are liable to Plaintiff for actual punitive, consequential,

compensatory damages in an amount so deemed by this Court.

**E.  PLAINTIFF'S THIRD CAUSE OF ACTION FOR NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS FAILS AS PLED**

Defendants were aware of their wrongful conduct in creating an alleged debt that

Plaintiffs are not obligated to, or are not able to discern the amount and character of the alleged

debt. Defendants knew and approved of its incompetent employees and agents, attorney debt

collectors, repossession agents, and debt collection tactics against Plaintiff. Defendants

negligently, wantonly, and/or intentionally hired, trained, retained, and/or supervised

incompetent debt collectors. Therefore, Defendants are responsible and liable to Plaintiff for the

17

wrongs committed against them, and the substantial damages suffered by Plaintiff. Plaintiff is entitled to punitive, consequential, actual, and special damages, and any other such damages the court deems necessary.

**F.**   **FDCPA APPLIES HERE SINCE DEFENDANTS COMMITTED COLLECTION ACTIVITES THAT WERE OUTSIDE THE SCOPE OF THE ORDINARY FORECLOSURE PROCESS, THEREBY SUBJECTING DEFENDANTS TO THE FDCPA**

The FDCPA prohibits debt collectors from engaging in various abusive and unfair practices. *See Heintz v. Jenkins*, 514 U.S. 291, 292-93, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). The statute was enacted to eliminate abusive debt collection practices; to ensure that debt collectors who abstain from such practices are not competitively disadvantaged; and to promote consistent state action to protect consumers. 15 U.S.C. § 1692(e); *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, ___ U.S. ___, ___, 130 S.Ct. 1605, 1608-09, 176 L.Ed.2d 519 (2010). Under the FDCPA 15 U.S.C. § 1692 the term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 U.S.C. § 1692a(6), covers lawyers who regularly collect debts through litigation, *Heintz*, 514 U.S. at 293-94, 115 S.Ct. 1489. Defendants are debt collectors and have clearly held themselves out as such when they state, "WE ARE A DEBT COLLECTOR..." (**Exhibit M**). By making these statements it is clear Defendant is a debt collector. Thus, by their own admission state they are debt collectors.

In addition, where a loan servicer becomes the loan servicer after the borrower is in default, the loan servicer is a "debt collector" and becomes obligated to comply with the FDCPA in all respects. *See Santoro v. CTC Foreclosure Serv. Corp.*, 12 F. App'x. 476, 480 (9th Cir. 2001); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1354 (D. Utah 2009) (determining 'that a loan servicer . . . is only a 'debt collector' within the meaning of the FDCPA if it acquires the

18

loan after it is in default'). *See also Alibrandri v. Fin. Outsourcing Servs., Inc.*, 333 F.3d 82 (2d Cir. 2003) (holding that a debt was in "default" and a service provider was a "debt collector," by virtue of the service providers collection letter declaring the debt in default and informing the debtor that the service provide was, in fact, a debt collector).

Furthermore, Plaintiff is a "consumer" as that term is defined in 15 USC§1692a(3), 15 USC§1681, and CA Code 1788.2(c), since the alleged debt here deals with the purchase of a home, which means it's a debt incurred for personal purposes. Defendants are not creditors, Plaintiff has not applied for, neither received any services or credit with your particular agency. Additionally, Defendants obtained Plaintiff's consumer credit report and made an inquiry regarding his report. This was an intrusion into Plaintiff's personal credit file, which in itself constitutes a willful and negligent violation of 15 USC§ 1681q, which is a criminal offense (felony) punishable under Title 18§USC, the penalty being a fine and or two years imprisonment.

In order for an FDCPA violation to occur in a California foreclosure case, there needs to be at least two main items properly pled in the complaint: (a) that the loan servicer is a "debt collector" and (b) they committed a violation of the FDCPA. So this begs the question, what types of acts are "collection activities" that are outside the "scope of the ordinary foreclosure process" so that the loan servicer (who acquired your loan after default) would be subject to the FDCPA. In this case, Plaintiff has already proved that Defendants are debt collectors. Defendants violated the FDCPA when they made phone calls to the borrower demanding payment of delinquencies; mailed letters to Plaintiff demanding payment of late fees, arrears, and mortgage payments; failed to validate the alleged debt as required after making a debt collection attempt; and failed to respond to a borrowers written "debt validation letter" after a collection attempt was made. Therefore, there is an FDCPA violation here due to the fact that the Defendants are debt collectors and they committed collection activities, as stated above, that were outside the scope of the ordinary foreclosure process, which thereby subjects defendants to the FDCPA.

19

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Defendants want to emphasize that debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of debt. This may be true, but in this case Defendants are none of these and are by their own admission, debt collectors (**Exhibit N**).

**G.     PLAINTIFF'S CLAIM IS SUFFICIENTLY PLED AND DOES NOT REQUIRE A MORE DEINITE STATEMENT**

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation is to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, the Complaint meets the pleading requirements. Plaintiff has pled sufficient facts to enable this Court to infer that Defendants have violated the FDCPA, FCRA, Rosenthal Act, and CCRAA. Hence, a reasonable trier of fact can reasonably infer that, inter alia, that Defendants violated various Federal Laws and therefore, Plaintiff should be entitled to damages. Thus, in this instance the Complaint is not "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Proc. 12(e). If this were the case then how did Defendants prepare this Motion to Dismiss?

**H.     THE ALLEGED DEBT IN QUESTION HAS SURPASSED THE STATUTE OF LIMITATIONS AND IS NOW TIME-BARRED**

When a borrower fails to repay a debt, this is considered a breach of contract. A statute of limitations for contract breach is, at its heart, a state's policy decision. It is an attempt by the state legislature to set the amount of time people and organizations in that state have to use the courts to resolve contract breaches. According to California Code of Civil Procedure § 337(1), the statute of limitations for a written contract is four years.

Collection agents violate the FDCPA if they file a debt collection lawsuit against a consumer after the statute of limitation expired (*Kimber v. Federal Financial Corp.*, 668 F.Supp. 1480 (1987) and *Basile v. Blatt, Hasenmiller, Liebsker & Moore LLC*, 632 F. Supp. 2d 842, 845

(2009)). Unscrupulous collection agents usually will sue in hopes the consumer will not know this rule. In California, the clock starts when the moment the borrower defaults on their payments. If, for example, a payment is due on June 1 and it does not arrive by that date, the statute of limitations clock starts running on June 2.

In this instance, Plaintiff defaulted on his payment on October 2008 (**Exhibit O**). This is when the statute of limitations clock started running. Therefore, the statute of limitations ran out on October 2012. This is now a time barred case to collect a debt, since the time to collect for a written contract in California is 4 years.

Defendants have violated Plaintiff's state rights and FDCPA rights in attempting to collect on a time barred debt. Section 1692(e) of the FDCPA provides, in pertinent part, that: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section," '(2) The false representation of the character, amount, or legal status of any debt; (5) The threat to take any action that cannot legally be taken or that is not intended to be taken, or (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

Here, Defendants falsely represented the legal status of the debt being that the statute of limitations has run out. Defendants have taken legal action that cannot be legally taken due to the running of the statute of limitations; and lastly defendants used false representation and deceptive means to attempt to collect this alleged debt as described above.

In addition to section 1692e of the FDCPA, Plaintiff is arguing that Defendants attempt to collect on this time barred debt also violated section 1692f of the FDCPA, which provides, in pertinent part, that: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

following conduct is a violation of this section: (1) The collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law; (6) Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest." Attempts to collect on this time-barred debt has not only violated Plaintiff's California state statutory provisions as stated above, but has violated the specific FDCPA provisions set forth above. Plaintiff has a right to damages and the right to file a complaint with the Federal Trade Commission and his state Attorney General for the FDCPA violations.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully urges this Court to deny Defendants Motion to Dismiss under Rule 12(b)(6) in its entirety and to award Plaintiff damages as set forth on the attempt to collect on time-barred debt. Plaintiff also respectfully requests the court to award Plaintiff all damages based on his FDCPA, FCRA, and CRAA claim and stop Defendants from pursuing this matter.

Dated this 4th day of April, 2014

_Robert H O'Connor_

Robert H. O'Connor
Plaintiff in Pro Se

22

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

1

**CERTIFICATE OF SERVICE**

2

The undersigned attorney hereby certifies that on APRIL 4, 2014, a true and correct copy of

3

PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS MOTION TO DISMISS was

4

personally filed with the Clerk of the Court. The undersigned further certifies that a copy of this

5

Motion will be served on the parties in said action, by placing a true copy thereof in a sealed

envelope with postage thereon fully prepared in the United States addressed as follows:

6

7

JP MORGAN CHASE
C/O BRYAN CAVE, LLP

8

560 Mission St., 25th Fl.
San Francisco, California 94105

9

10

_Robert O'Connor_
Robert O'Connor

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

23

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

# EXHIBIT A

# BUTLER, PHELPS, KAUFMAN&

## ASSOCIATES

P.O. Box 91053
Henderson, NV 89009
888-250-6713 – Office
888-250-5074 – Fax

July 24, 2013

Robert O'Connor
**Acct. #0642568554**
2108 Summit Dr.
Burlingame, Ca. [94010]

JP Morgan Chase
**Attn: Modification/Foreclosure Department**
PO Box 78116
Phoenix, AZ 85062

Re: Discrepancy/Pending Foreclosure

To Whom It May Concern:

The above-named homeowner(s) has hired us to assist them in resolving their discrepancy with the purported lender, who claims to be owed money by them for a loan in the amount of **$1,300,000**, given to them on **April 4, 2006**, for the purchase of their property located at **2108 Summit Dr., Burlingame, CA [94010]**.

Please be advised that this letter **is our formal dispute in this matter as well as our formal request for information**; which will provide us clarity on the purported loan with First California Mortgage (according to the deed of trust), with MERS being the beneficiary.

Please provide us with a copy of loan document(s), a copy of the cancelled check with our clients' endorsement, bank stamp indicating that it was received, and cashed by our client, and/or a copy of the wire transfer showing the funds being wired into our clients account at the time of the transaction.

Please provide us with a copy of loan document(s) bearing both the purported lender, and the homeowner(s) signature as I am sure that you are aware (both are required), in order to have a binding agreement. A copy of the cancelled check with our clients' endorsement, and bank stamp indicating that the funds were actually issued, received, and cashed by our client, a copy of the wire transfer showing these funds being wired into our clients checking or savings account at the time of the transaction, or any other documentation that you might have that would substantiate your claim that a loan was given, and funds were received by our client.

You should know that as we have a third-party authorization (copy attached), you have no legal justification for failing or refusing to provide us with this information if it actually exist.

**Your claim is now in dispute**, and we expect you to act in good faith, abiding by the Fair Debt Collection Practices Act and Fair Debt Credit Reporting Act, and postpone, cancel, and/or suspending any and all schedules sales on the property until this discrepancy is resolved without recourse.

You should know that a copy of this document, and all other correspondence will be recorded in the county recorder's office where the property is located as a matter of record.

Please ensure that all responses contain a name, title, contact phone, and fax number of a qualified point of contact, as our questions are specific in nature and we are aware that general customer service representative will likely not be able to address any further concerns which might arise.

Please note, as of the date of this letter we have not received any answers to our QWR request which was sent to you on June 27, 2013

We expect you to provide the requested information within twenty-one (21) days from the date of this letter. If you are unable to do so we expect that you will provide us with a letter that we can in turn forward to our client indicating that you have completed your research, and are releasing them from any and all perceived payment obligations, without recourse.

If there is a pending sale date on this property we again expect you to act in good faith and abide by your legal obligation to advise the trustee, and any other pertinent party of this discrepancy, and instructing them to immediately cease, and desist any foreclosure sale until further written notification.

Please be advised if you are the trustee, attorney or debt collector acting on behalf of the purported lender, and move forward with a sale regardless of your receipt of this notification, you will be held liable to the fullest extent of the law.

If for any reason you are unable or refused to provide us with the requested documentation please supply us with written correspondence explaining your denial of our request.

Thank you for your prompt attention, understanding, and cooperation regarding this matter.

Sincerely,

*Kimberly Johnson*

Butler, Phelps, Kaufman & Associates

Cc: Quality Loan Servicing – Trustee# CA-09-255038-ED

# EXHIBIT B

Recording requested by

When recorded mail to:

Washington Mutual Bank, FA
7255 Baymeadows Way
Jacksonville, FL 32256

2009-061221

09:14am 05/15/09 AT Fee: 12.00
Count of pages 2
Recorded in Official Records
County of San Mateo
Warren Slocum
Assessor-County Clerk-Recorder



\* 2 0 0 9 0 0 6 1 2 2 1 A R \*

---

APN : **027-104-390 027-104-390-3**
Order No.: 090155236-CA-DCI

Ln No.: 0642568554

SPACE ABOVE THIS LINE FOR RECORDER'S USE
TS No.: CA-09-255038-ED

## Assignment of Deed of Trust

For value received, the undersigned corporation hereby grants, assigns, and transfers to

**U.S. Bank National Association as successor trustee to Bank of America N.A. as successor by merger to LaSalle Bank N.A. as trustee for Washington Mutual Mortgage Pass Through Certificates WMALT Series 2006-AR7**

All beneficial interest under that certain Deed of Trust dated **4/4/2006** executed by **ROBERT O'CONNOR, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY**, as Trustor(s) to **STANDARD TRUST DEED SERVICE COMPANY, A CALIFORNIA CORPORATION**, as Trustee and recorded as Instrument No. **2006-053176**, on **4/11/2006** , in Book **xxx**, Page **xxx** of Official Records, in the office of the County Recorder of **SAN MATEO** County, **CA** together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust.

Dated:  2/28/2009 9:41 AM

**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR FIRST CALIFORNIA MORTGAGE COMPANY**

By: _Roderick Seda_

Vice President

State of  Florida        )
County of Duval        )

On _5/4/09_ before  me, _DEBORAH MCNULTY_ a  notary  public ,personally  appeared _Roderick Seda_, who  proved  to  me  on  the  basis  of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Deborah a McNulty_ (Seal)

DEBORAH A. MCNULTY
Notary Public - State of Florida
My Comm. Expires Jan 30, 2011
Commission # DD 351452
Bonded Through National Notary Assn.

Page 2 of 2

# EXHIBIT C

WaMu

SP715

December 06, 2008

Robert O'Connor
2108 Summit Dr
Burlingame, CA 94010-6053

RE: Loan Number 0642568554

**WE ARE A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. At WaMu, we're here to help. Please call 1-866-WAMU-YES.**
Dear Robert O'Connor

You have missed more than one monthly payment. That means you are in danger of damaging your credit and perhaps even losing your home, so please do not ignore this letter. No one wants you to lose your home-including WaMu.

It's important that you bring your home loan current. If you're having trouble paying, call toll-free 1-866-WAMU-YES (1-866-926-8937) right away, and we'll try to find an option for getting you back on track. We're here for you Monday through Friday, from 5 a.m. to 6 p.m. Pacific time. For faster service, have the loan number at the top of this letter handy when you call.

Additional help. You may also be eligible for home ownership counseling through the U.S. Department of Housing and Urban Development (HUD) network of approved nonprofit counseling organizations. Call 1-800-569-4287 to find out more.

The attached Debt Validation Notice includes the current amount due on your home loan. If you are able to pay your outstanding balance due, please send your payment to: WaMu Customer Care Fulfillment, P.O. Box 9001123, Louisville, KY 40290-1123. Please write your loan number (0642568554) on your check.

Thank you. Our loan counselors look forward to hearing from you soon at 1-866-WAMU-YES.

 **WaMu**®

7255 Baymeadows Way - JAXA2040
Jacksonville, FL 32256

09-20-2009

Oconnor, Robert H
2108 Summit Dr
Burlingame, CA 94010-6053

WE ARE A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY
INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**IF YOU ARE IN BANKRUPTCY OR HAVE BEEN DISCHARGED IN BANKRUPTCY, THIS LETTER IS
FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED TO COLLECT A DEBT OR AN ACT
TO COLLECT, ASSESS, OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU
PERSONALLY.**

Re: WaMu® Loan Number: 743410235

Dear Customer(s):

We are writing you today with important information regarding your loan. According to our records, we
have not received your loan payment, which was due on 08-16-2009.  If you have enrolled in one of
WaMu's Payment Protection Programs, the payment due also includes your monthly installment for this
program.  Multiple unpaid installments may result in cancellation of this important coverage.

**WE MAY REPORT INFORMATION ABOUT YOUR ACCOUNT TO CREDIT BUREAUS. LATE
PAYMENTS, MISSED PAYMENTS, OR OTHER DEFAULTS ON YOUR ACCOUNT MAY BE
REFLECTED IN YOUR CREDIT REPORT.**

For your convenience, we now offer the option to make payments by phone, for a nominal fee. If you wish
to make use of this service, please call us toll free at 1-800-544-9635 and enter your loan number as
referenced above. The amount due on your loan as of this date is $684.65, which includes applicable late
charges and/or fees. If your records reflect a different loan status than ours, please contact us
immediately.

**Please review the enclosed information regarding the Servicemembers Civil Relief Act (SCRA).  If
this loan is secured by real estate, or if you have any other loans secured by real estate, you may
obtain a debt counseling referral by contacting HUD (The U.S. Department of Housing and Urban
Development).  HUD's toll free number is 1-800-569-4287, TDD 1-800-877-8339.**

If you have any questions or concerns regarding your account, please call us at 1-800-544-9635, TDD
1-800-841-1743, Monday through Friday from 7 a.m. to 11 p.m. and Saturday from 7 a.m. to 3 p.m.,
Central Time. One of our experienced staff will be happy to work with you and answer any questions you
may have.  Thank you for your prompt attention to this matter.

Sincerely,

Washington Mutual
Customer Interaction Center
National Default

CN426

1of 1

# CHASE

June 22, 2010                                                LM749

Robert O'Connor
2108 Summit Dr
Burlingame, CA 94010-6053

WE ARE A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT,
AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

WE HAVE TOLD A CREDIT BUREAU ABOUT A LATE PAYMENT, MISSED PAYMENT
OR OTHER DEFAULT ON YOUR ACCOUNT. THIS INFORMATION MAY BE
REFLECTED IN YOUR CREDIT REPORT.

IF YOU ARE IN BANKRUPTCY OR YOU HAVE BEEN DISCHARGED IN BANKRUPTCY,
THIS LETTER IS FOR INFORMATIONAL PURPOSES ONLY AND IS NOT INTENDED
AS AN ATTEMPT TO COLLECT A DEBT OR AS AN ACT TO COLLECT, ASSESS
OR RECOVER ALL OR ANY PORTION OF THE DEBT FROM YOU PERSONALLY.

### Notice of Incomplete Request

RE: Loan Number: 0642568554
    Property Address: 2108 Summit Dr
                      Burlingame CA 94010

Dear Robert O'Connor :

Thank you for your continued interest in Chase Home Finance LLC ("Chase")
Loss Mitigation Program. We acknowledge receiving your financial package
as part of the loan workout request. This letter is not an approval of
your request for a loan workout plan.

A preliminary review of the documents you submitted indicates that
supplemental information is needed. To avoid delays, please fax the
requested documentation to 866-282-5682 or mail it to:

        Chase Home Finance LLC
        PO Box 469030
        Glendale, CO 80246

We must receive the information and/or documents listed on the next
page within ten (10) business days from the date of this letter, or
two (2) business days prior to the foreclosure sale date, whichever
comes sooner. Documents not received prior to two (2) business days
days before the foreclosure sale date will not be processed.

LA-LM749-032-MRK.4384.112509

JPMorgan Chase Bank, N.A. · Retail Financial Services · 7255 Baymeadows Way, Jacksonville, FL 32256

**Chase**
7301 Baymeadows Way
Jacksonville, FL 32256-6826



February 21, 2013



00000964 NFD0 ZA 5213 ·
ROBERT O'CONNOR
330 PRIMROSE RD STE 216
BURLINGAME CA 94010-4026

**New foreclosure sale date**

Account:          642568554
Property Address:  2108 SUMMIT DR
                   BURLINGAME, CA 94010

Dear Robert O'connor:

We are writing to let you know that for the mortgage loan referenced above for Robert O'connor, the foreclosure sale date has been rescheduled.

The new foreclosure sale date is 04-19-2013.

If you have any questions, please call us at one of the numbers listed below.

Sincerely,

Chase
866-550-5705 The Way Forward
800-582-0542 TDD / Text Telephone
chase.com

**FOR CALIFORNIA CUSTOMERS ONLY:** The California Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 877-FTC-HELP; 877-382-4357 or www.ftc.gov.

**IMPORTANT NOTICE TO SERVICEMEMBERS AND THEIR DEPENDENTS**
If you are or recently were on active duty or active service, you may be eligible for benefits and protections under the federal Servicemembers Civil Relief Act (SCRA). This includes protection from foreclosure or eviction. You may also be eligible for benefits and protections under state law. SCRA and state military

# EXHIBIT D

 **CHASE** ◻

3415 Vision Drive
OH4-7302
Columbus, OH 43219

August 20, 2013



2-748-75838-0000907-001-01-000-000-000-000

ROBERT H OCONNOR
330 PRIMROSE RD STE 216
BURLINGAME CA  94010-4026

# You have different options available now!

## Call 877-836-3040 Ext. 327-9030 today.

| | |
|---|---|
| Account Ending In: | 0235 |
| Account Balance: | $107,369.34 |
| Property Address: | 2108 Summit Dr |
| | Burlingame CA 94010 |

Dear Robert H Oconnor,

We know you struggled to make your mortgage payments. Together, we can find a solution. Your account has been assigned to a new team that can explain new options to help you close this debt once and for all.

As of August 20, 2013, your account balance is $107,369.34. You still have mortgage options and the team assigned to your account can provide you with the information you need to make an informed decision.

Expect a call from us soon so we can discuss the benefits of settling your debt. Or call us at 877-836-3040 Ext. 327-9030 so we can begin right away—and help you make a new start.

Sincerely,

Ernest L Butler Jr
Chase
877-836-3040 Ext. 327-9030
800-582-0542 TTY

RR732

**Please see important disclosures on the next page.**

We are a debt collector.

If Chase holds a lien for this account, upon final settlement, the lien release will be forwarded to your county records office for processing.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

Reducing the amount you owe, as well as any payments made to you under this program, may be reported to the IRS and may have tax implications. Please consult your tax advisor to discuss those implications.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.

Single Action State Disclaimer: Please disregard this letter if the mortgage account referenced is a Junior Lien Mortgage/Deed of Trust to a Chase First Lien Mortgage/Deed of Trust that has completed a judicial or non-judicial foreclosure and state law prohibits collection of the Junior Lien Mortgage/Deed of Trust.



©2013 JPMorgan Chase & Co. JPMorgan Chase Bank, N.A.                    16352-RR732-TR-0312

# EXHIBIT E

# BUTLER, PHELPS, KAUFMAN&

# ASSOCIATES

P.O. Box 91053
Henderson, NV  89009
888-250-6713 – Office
888-250-5074 – Fax

July 24, 2013

Robert O'Connor
**Acct. #0642568554**
2108 Summit Dr.
Burlingame, Ca. [94010]

JP Morgan Chase
**Attn: Modification/Foreclosure Department**
PO Box 78116
Phoenix, AZ  85062

Re: Discrepancy/Pending Foreclosure

To Whom It May Concern:

The above-named homeowner(s) has hired us to assist them in resolving their discrepancy with the purported lender, who claims to be owed money by them for a loan in the amount of **$1,300,000**, given to them on **April 4, 2006**, for the purchase of their property located at **2108 Summit Dr., Burlingame, CA [94010]**.

Please be advised that this letter **is our formal dispute in this matter as well as our formal request for information**; which will provide us clarity on the purported loan with First California Mortgage (according to the deed of trust), with MERS being the beneficiary.

Please provide us with a copy of loan document(s), a copy of the cancelled check with our clients' endorsement, bank stamp indicating that it was received, and cashed by our client, and/or a copy of the wire transfer showing the funds being wired into our clients account at the time of the transaction.

Please provide us with a copy of loan document(s) bearing both the purported lender, and the homeowner(s) signature as I am sure that you are aware (both are required), in order to have a binding agreement. A copy of the cancelled check with our clients' endorsement, and bank stamp indicating that the funds were actually issued, received, and cashed by our client, a copy of the wire transfer showing these funds being wired into our clients checking or savings account at the time of the transaction, or any other documentation that you might have that would substantiate your claim that a loan was given, and funds were received by our client.

You should know that as we have a third-party authorization (copy attached), you have no legal justification for failing or refusing to provide us with this information if it actually exist.

**Your claim is now in dispute**, and we expect you to act in good faith, abiding by the Fair Debt Collection Practices Act and Fair Debt Credit Reporting Act, and postpone, cancel, and/or suspending any and all schedules sales on the property until this discrepancy is resolved without recourse.

You should know that a copy of this document, and all other correspondence will be recorded in the county recorder's office where the property is located as a matter of record.

Please ensure that all responses contain a name, title, contact phone, and fax number of a qualified point of contact, as our questions are specific in nature and we are aware that general customer service representative will likely not be able to address any further concerns which might arise.

Please note, as of the date of this letter we have not received any answers to our QWR request which was sent to you on June 27, 2013

We expect you to provide the requested information within twenty-one (21) days from the date of this letter. If you are unable to do so we expect that you will provide us with a letter that we can in turn forward to our client indicating that you have completed your research, and are releasing them from any and all perceived payment obligations, without recourse.

If there is a pending sale date on this property we again expect you to act in good faith and abide by your legal obligation to advise the trustee, and any other pertinent party of this discrepancy, and instructing them to immediately cease, and desist any foreclosure sale until further written notification.

Please be advised if you are the trustee, attorney or debt collector acting on behalf of the purported lender, and move forward with a sale regardless of your receipt of this notification, you will be held liable to the fullest extent of the law.

If for any reason you are unable or refused to provide us with the requested documentation please supply us with written correspondence explaining your denial of our request.

Thank you for your prompt attention, understanding, and cooperation regarding this matter.

Sincerely,

*Kimberly Johnson*

Butler, Phelps, Kaufman & Associates

Cc: Quality Loan Servicing – Trustee# CA-09-255038-ED

# EXHIBIT F

# CHASE ◑

15 Vision Drive
H4-7302
Columbus, OH 43219

August 20, 2013



2-748-75838-0000907-001-01-000-000-000-000
ROBERT H OCONNOR
330 PRIMROSE RD STE 216
BURLINGAME CA  94010-4026

## You have different options available now!

### Call 877-836-3040 Ext. 327-9030 today.

| | |
|---|---|
| Account Ending In: | 0235 |
| Account Balance: | $107,369.34 |
| Property Address: | 2108 Summit Dr |
| | Burlingame CA 94010 |

Dear Robert H Oconnor,

We know you struggled to make your mortgage payments. Together, we can find a solution. Your account has been assigned to a new team that can explain new options to help you close this debt once and for all.

As of August 20, 2013, your account balance is $107,369.34. You still have mortgage options and the team assigned to your account can provide you with the information you need to make an informed decision.

Expect a call from us soon so we can discuss the benefits of settling your debt. Or call us at 877-836-3040 Ext. 327-9030 so we can begin right away—and help you make a new start.

Sincerely,

Ernest L Butler Jr
Chase
877-836-3040 Ext. 327-9030
800-582-0542 TTY

RR732

**Please see important disclosures on the next page.**

We are a debt collector.

If Chase holds a lien for this account, upon final settlement, the lien release will be forwarded to your county records office for processing.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

Reducing the amount you owe, as well as any payments made to you under this program, may be reported to the IRS and may have tax implications. Please consult your tax advisor to discuss those implications.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.

Single Action State Disclaimer: Please disregard this letter if the mortgage account referenced is a Junior Lien Mortgage/Deed of Trust to a Chase First Lien Mortgage/Deed of Trust that has completed a judicial or non-judicial foreclosure and state law prohibits collection of the Junior Lien Mortgage/Deed of Trust.



©2013 JPMorgan Chase & Co. JPMorgan Chase Bank, N.A.                    16352-RR732-TR-0312

# EXHIBIT G

NOTE: Total may not equal 100% due to rounding

## Account Age

Usually, it is a good idea to keep your oldest credit account open, as a high average account age generally demonstrates stability to lenders. Also, especially if you have been managing credit for a short time, opening many new accounts will lower your average account age and may have a negative impact.

| | |
|---|---|
| Length of Credit History | 30 Years, 9 Months |
| Average Account Age | 8 Years, 12 Months |
| Oldest Account | NORDSTROM FSB  (Opened 12/10/1982) |
| Most Recent Account | US BANK LINE OF CRED  (Opened 12/01/2008) |

## Inquiries - Requests for your Credit History

Numerous inquiries on your credit file for new credit may cause you to appear risky to lenders, so it is usually better to only seek new credit when you need it. Typically, lenders distinguish between inquiries for a single loan and many new loans in part by the length of time over which the inquiries occur. So, when rate shopping for a loan it's a good idea to do it within a focused period of time.

| | |
|---|---|
| Inquiries in the Last 2 Years | 7 |
| Most Recent Inquiry | DIRECTV (10/24/12) |

## Potentially Negative Information

Late payments, collections and public records can have a negative impact on your credit standing. The more severe and recent they are, the more negative the potential impact might be.

| | |
|---|---|
| Public Records | 3 |
| Negative Accounts | 16 |
| Collections | 1 |

# Mortgage Accounts

Mortgage accounts include first mortgages, home equity loans, and any other loans secured by real estate you own.

## Open Accounts



| | | | | | | |
|---|---|---|---|---|---|---|
| CAPITAL ONE NA | 384055200XXXX | 10/01/2002 | $0 | 08/01/2004 | PAYS AS AGREED | |

3905 Dallas Pkwy
Plano , TX-750937892

| | | | |
|---|---|---|---|
| Account Number: | 384055200XXXX | Current Status: | PAYS AS AGREED |
| Account Owner: | Shared, but otherwise undesignated | High Credit: | $ 942,500 |
| Type of Account : | Mortgage | Credit Limit: | |
| Term Duration: | 30 Years | Terms Frequency: | |
| Date Opened: | 10/01/2002 | Balance: | $ 0 |
| Date Reported: | 08/01/2004 | Amount Past Due: | |
| Date of Last Payment: | 02/2004 | Actual Payment Amount: | |

| | | | |
|---|---|---|---|
| Scheduled Payment Amount: | $ 4,136 | Date of Last Activity: | 03/2004 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 17 |
| Creditor Classification: | | Activity Description: | N/A |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Conventional RE Mortgage |
| Date of First Delinquency: | N/A | | |
| Comments: | | | |

81-Month Payment History

No 81-Month Payment Data available for display.

| CHASE | 156064256XXXX | 04/11/2006 | $1,400,563 | 01/31/2013 | $309,308 | 120+ DAYS PAST DUE |
|---|---|---|---|---|---|---|

PO Box 24696
Columbus , OH-432240696
(800) 848-9136

| | | | |
|---|---|---|---|
| Account Number: | 156064256XXXX | Current Status: | 120+ DAYS PAST DUE |
| Account Owner: | Individual Account. | High Credit: | $ 1,430,000 |
| Type of Account : | Mortgage | Credit Limit: | |
| Term Duration: | 30 Years | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 04/11/2006 | Balance: | $ 1,400,563 |
| Date Reported: | 01/31/2013 | Amount Past Due: | $ 309,308 |
| Date of Last Payment: | 10/2008 | Actual Payment Amount: | |
| Scheduled Payment Amount: | $ 4,989 | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | | Months Reviewed: | 79 |
| Creditor Classification: | | Activity Description: | N/A |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Conventional RE Mortgage |
| Date of First Delinquency: | 12/2008 | | |

# EXHIBIT H

**CHASE**  15 Vision Drive
JH4-7302
Columbus, OH 43219

August 20, 2013

2-746-75838-0000907-001-01-000-000-000-000

ROBERT H OCONNOR
330 PRIMROSE RD STE 216
BURLINGAME CA 94010-4026

# You have different options available now!

Call 877-836-3040 Ext. 327-9030 today.

| | |
|---|---|
| Account Ending In: | 0235 |
| Account Balance: | $107,369.34 |
| Property Address: | 2108 Summit Dr |
| | Burlingame CA 94010 |

Dear Robert H Oconnor,

We know you struggled to make your mortgage payments. Together, we can find a solution. Your account has been assigned to a new team that can explain new options to help you close this debt once and for all.

As of August 20, 2013, your account balance is $107,369.34. You still have mortgage options and the team assigned to your account can provide you with the information you need to make an informed decision.

Expect a call from us soon so we can discuss the benefits of settling your debt. Or call us at 877-836-3040 Ext. 327-9030 so we can begin right away—and help you make a new start.

Sincerely,

Ernest L Butler Jr
Chase
877-836-3040 Ext. 327-9030
800-582-0542 TTY

**Please see important disclosures on the next page.**

We are a debt collector.

If Chase holds a lien for this account, upon final settlement, the lien release will be forwarded to your county records office for processing.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

Reducing the amount you owe, as well as any payments made to you under this program, may be reported to the IRS and may have tax implications. Please consult your tax advisor to discuss those implications.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.

Single Action State Disclaimer: Please disregard this letter if the mortgage account referenced is a Junior Lien Mortgage/Deed of Trust to a Chase First Lien Mortgage/Deed of Trust that has completed a judicial or non-judicial foreclosure and state law prohibits collection of the Junior Lien Mortgage/Deed of Trust.



©2013 JPMorgan Chase & Co. JPMorgan Chase Bank, N.A.                    16352-RR732-TR-0312

# EXHIBIT I



3415 Vision Drive
OH4-7302
Columbus, OH 43219

August 20, 2013

# You have different options available now!



2-748-75836-0000907-001-01-000-000-000-000
ROBERT H OCONNOR
330 PRIMROSE RD STE 216
BURLINGAME CA 94010-4026

Call 877-836-3040 Ext. 327-9030 today.

| | |
|---|---|
| Account Ending In: | 0235 |
| Account Balance: | $107,369.34 |
| Property Address: | 2108 Summit Dr |
| | Burlingame CA 94010 |

Dear Robert H Oconnor,

We know you struggled to make your mortgage payments. Together, we can find a solution. Your account has been assigned to a new team that can explain new options to help you close this debt once and for all.

As of August 20, 2013, your account balance is $107,369.34. You still have mortgage options and the team assigned to your account can provide you with the information you need to make an informed decision.

Expect a call from us soon so we can discuss the benefits of settling your debt. Or call us at 877-836-3040 Ext. 327-9030 so we can begin right away—and help you make a new start.

Sincerely,

Ernest L Butler Jr
Chase
877-836-3040 Ext. 327-9030
800-582-0542 TTY

RR732

**Please see important disclosures on the next page.**



**CHASE**   3415 Vision Drive
OH4-7302
Columbus, OH 43219

August 20, 2013

2-748-76838-0000907-001-01-000-000-000-000

ROBERT H OCONNOR
330 PRIMROSE RD STE 216
BURLINGAME CA  94010-4026

# You have different options available now!

Call 877-836-3040 Ext. 327-9030 today.

| | |
|---|---|
| Account Ending In: | 0235 |
| Account Balance: | $107,369.34 |
| Property Address: | 2108 Summit Dr |
| | Burlingame CA 94010 |

Dear Robert H Oconnor,

We know you struggled to make your mortgage payments. Together, we can find a solution. Your account has been assigned to a new team that can explain new options to help you close this debt once and for all.

As of August 20, 2013, your account balance is $107,369.34. You still have mortgage options and the team assigned to your account can provide you with the information you need to make an informed decision.

Expect a call from us soon so we can discuss the benefits of settling your debt. Or call us at 877-836-3040 Ext. 327-9030 so we can begin right away—and help you make a new start.

Sincerely,

Ernest L Butler Jr
Chase
877-836-3040 Ext. 327-9030
800-582-0542 TTY

RR732

**Please see important disclosures on the next page.**

# EXHIBIT J

| | | | |
|---|---|---|---|
| Scheduled Payment Amount: | $ 4,136 | Date of Last Activity: | 03/2004 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 17 |
| Creditor Classification: | | Activity Description: | N/A |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Conventional RE Mortgage |
| Date of First Delinquency: | N/A | | |
| Comments: | | | |

81-Month Payment History

No 81-Month Payment Data available for display.

| | | | | | | |
|---|---|---|---|---|---|---|
| CHASE | 156064256XXXX | 04/11/2006 | $1,400,563 | 01/31/2013 | $309,308 | 120+ DAYS PAST DUE |

PO Box 24696
Columbus , OH-432240696
(800) 848-9136

| | | | |
|---|---|---|---|
| Account Number: | 156064256XXXX | Current Status: | 120+ DAYS PAST DUE |
| Account Owner: | Individual Account. | High Credit: | $ 1,430,000 |
| Type of Account : | Mortgage | Credit Limit: | |
| Term Duration: | 30 Years | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 04/11/2006 | Balance: | $ 1,400,563 |
| Date Reported: | 01/31/2013 | Amount Past Due: | $ 309,308 |
| Date of Last Payment: | 10/2008 | Actual Payment Amount: | |
| Scheduled Payment Amount: | $ 4,989 | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | | Months Reviewed: | 79 |
| Creditor Classification: | | Activity Description: | N/A |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Conventional RE Mortgage |
| Date of First Delinquency: | 12/2008 | | |

# EXHIBIT K

# BUTLER , PHELPS , KAUFMAN&

## ASSOCIATES

P.O. Box 91053
Henderson, NV  89009
888-250-6713 - Office
888-250-5074 - Fax

November 7, 2013

Robert O'Connor
**Acct. #0642568554**
2108 Summit Dr.
Burlingame, Ca. [94010]

JP Morgan Chase
**Attn: Modification/Foreclosure Department**
PO Box 78116
Phoenix, AZ  85062

Re: Discrepancy/Pending Foreclosure

To Whom It May Concern:

The above-named homeowner(s) has hired us to assist them in resolving their discrepancy with the purported lender, who claims to be owed money by them for a loan in the amount of **$1,300,000**, given to them on **April 4, 2006**, for the purchase of their property located at **2108 Summit Dr.,  Burlingame, CA [94010]**.

Please be advised that this letter **is our formal dispute in this matter as well as our formal request for information**; which will provide us clarity on the purported loan with First California Mortgage (according to the deed of trust), with MERS being the beneficiary.

Please provide us with a copy of loan document(s), a copy of the cancelled check with our clients' endorsement, bank stamp indicating that it was received, and cashed by our client, and/or a copy of the wire transfer showing the funds being wired into our clients account at the time of the transaction.

Please provide us with a copy of loan document(s) bearing both the purported lender, and the homeowner(s) signature as I am sure that you are aware (both are required), in order to have a binding agreement. A copy of the cancelled check with our clients' endorsement, and bank stamp indicating that the funds were actually issued, received, and cashed by our client, a copy of the wire transfer showing these funds being wired into our clients checking or savings account at the time of the transaction, or any other documentation that you might have that would substantiate your claim that a loan was given, and funds were received by our client.

You should know that as we have a third-party authorization (copy attached), you have no legal justification for failing or refusing to provide us with this information if it actually exist.

**Your claim is now in dispute**, and we expect you to act in good faith, abiding by the Fair Debt Collection Practices Act and Fair Debt Credit Reporting Act, and postpone, cancel, and/or suspending any and all schedules sales on the property until this discrepancy is resolved without recourse.

You should know that a copy of this document, and all other correspondence will be recorded in the county recorder's office where the property is located as a matter of record.

Please ensure that all responses contain a name, title, contact phone, and fax number of a qualified point of contact, as our questions are specific in nature and we are aware that general customer service representative will likely not be able to address any further concerns which might arise.

Please note, as of the date of this letter we have not received any answers to our QWR request which was sent to you on June 27, 2013

We expect you to provide the requested information within twenty-one (21) days from the date of this letter. If you are unable to do so we expect that you will provide us with a letter that we can in turn forward to our client indicating that you have completed your research, and are releasing them from any and all perceived payment obligations, without recourse.

If there is a pending sale date on this property we again expect you to act in good faith and abide by your legal obligation to advise the trustee, and any other pertinent party of this discrepancy, and instructing them to immediately cease, and desist any foreclosure sale until further written notification.

Please be advised if you are the trustee, attorney or debt collector acting on behalf of the purported lender, and move forward with a sale regardless of your receipt of this notification, you will be held liable to the fullest extent of the law.

If for any reason you are unable or refused to provide us with the requested documentation please supply us with written correspondence explaining your denial of our request.

Thank you for your prompt attention, understanding, and cooperation regarding this matter.

Sincerely,

*Kimberly Johnson*

Butler, Phelps, Kaufman & Associates

Cc: Quality Loan Servicing – Trustee# CA-09-255038-ED

# EXHIBIT L



**CHASE ◯**  3415 Vision Drive
OH4-7302
Columbus, OH 43219

August 20, 2013



2-748-75836-0000907-001-01-000-000-000-000
ROBERT H OCONNOR
330 PRIMROSE RD STE 216
BURLINGAME CA 94010-4026

# You have different options available now!

Call 877-836-3040 Ext. 327-9030 today.

Account Ending In:        0235
Account Balance:         $107,369.34
Property Address:        2108 Summit Dr
                         Burlingame CA 94010

Dear Robert H Oconnor,

We know you struggled to make your mortgage payments. Together, we can find a solution. Your account has been assigned to a new team that can explain new options to help you close this debt once and for all.

As of August 20, 2013, your account balance is $107,369.34. You still have mortgage options and the team assigned to your account can provide you with the information you need to make an informed decision.

Expect a call from us soon so we can discuss the benefits of settling your debt. Or call us at 877-836-3040 Ext. 327-9030 so we can begin right away—and help you make a new start.

Sincerely,

Ernest L Butler Jr
Chase
877-836-3040 Ext. 327-9030
800-582-0542 TTY

**Please see important disclosures on the next page.**

We are a debt collector.

If Chase holds a lien for this account, upon final settlement, the lien release will be forwarded to your county records office for processing.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

Reducing the amount you owe, as well as any payments made to you under this program, may be reported to the IRS and may have tax implications. Please consult your tax advisor to discuss those implications.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.

Single Action State Disclaimer: Please disregard this letter if the mortgage account referenced is a Junior Lien Mortgage/Deed of Trust to a Chase First Lien Mortgage/Deed of Trust that has completed a judicial or non-judicial foreclosure and state law prohibits collection of the Junior Lien Mortgage/Deed of Trust.



©2013 JPMorgan Chase & Co. JPMorgan Chase Bank, N.A.                    16352-RR732-TR-0312

# EXHIBIT M

**CHASE**   3415 Vision Drive
OH4-7302
Columbus, OH 43219

August 20, 2013

# You have different options available now!



2-748-75838-0000907-001-01-000-000-000-000
ROBERT H OCONNOR
330 PRIMROSE RD STE 216
BURLINGAME CA  94010-4026

Call 877-836-3040 Ext. 327-9030 today.

| | |
|---|---|
| Account Ending In: | 0235 |
| Account Balance: | $107,369.34 |
| Property Address: | 2108 Summit Dr |
| | Burlingame CA 94010 |

Dear Robert H Oconnor,

We know you struggled to make your mortgage payments. Together, we can find a solution. Your account has been assigned to a new team that can explain new options to help you close this debt once and for all.

As of August 20, 2013, your account balance is $107,369.34. You still have mortgage options and the team assigned to your account can provide you with the information you need to make an informed decision.

Expect a call from us soon so we can discuss the benefits of settling your debt. Or call us at 877-836-3040 Ext. 327-9030 so we can begin right away—and help you make a new start.

Sincerely,

Ernest L Butler Jr
Chase
877-836-3040 Ext. 327-9030
800-582-0542 TTY

RR732

**Please see important disclosures on the next page.**

We are a debt collector.

If Chase holds a lien for this account, upon final settlement, the lien release will be forwarded to your county records office for processing.

If you are represented by an attorney, please refer this letter to your attorney and provide us with the attorney's name, address, and telephone number.

Reducing the amount you owe, as well as any payments made to you under this program, may be reported to the IRS and may have tax implications. Please consult your tax advisor to discuss those implications.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation.

Single Action State Disclaimer: Please disregard this letter if the mortgage account referenced is a Junior Lien Mortgage/Deed of Trust to a Chase First Lien Mortgage/Deed of Trust that has completed a judicial or non-judicial foreclosure and state law prohibits collection of the Junior Lien Mortgage/Deed of Trust.



©2013 JPMorgan Chase & Co. JPMorgan Chase Bank, N.A.                    16352-RR732-TR-0312

# EXHIBIT N

| | | | |
|---|---|---|---|
| Scheduled Payment Amount: | $ 4,136 | Date of Last Activity: | 03/2004 |
| Date Major Delinquency First Reported: | | Months Reviewed: | 17 |
| Creditor Classification: | | Activity Description: | N/A |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Conventional RE Mortgage |
| Date of First Delinquency: | N/A | | |
| Comments: | | | |

81-Month Payment History

No 81-Month Payment Data available for display.

| CHASE | 156064256XXXX | 04/11/2006 | $1,400,563 | 01/31/2013 | $309,308 | 120+ DAYS PAST DUE |

PO Box 24696
Columbus , OH-432240696
(800) 848-9136

| | | | |
|---|---|---|---|
| Account Number: | 156064256XXXX | Current Status: | 120+ DAYS PAST DUE |
| Account Owner: | Individual Account. | High Credit: | $ 1,430,000 |
| Type of Account : | Mortgage | Credit Limit: | |
| Term Duration: | 30 Years | Terms Frequency: | Monthly (due every month) |
| Date Opened: | 04/11/2006 | Balance: | $ 1,400,563 |
| Date Reported: | 01/31/2013 | Amount Past Due: | $ 309,308 |
| Date of Last Payment: | 10/2008 | Actual Payment Amount: | |
| Scheduled Payment Amount: | $ 4,989 | Date of Last Activity: | N/A |
| Date Major Delinquency First Reported: | | Months Reviewed: | 79 |
| Creditor Classification: | | Activity Description: | N/A |
| Charge Off Amount: | | Deferred Payment Start Date: | |
| Balloon Payment Amount: | | Balloon Payment Date: | |
| Date Closed: | | Type of Loan: | Conventional RE Mortgage |
| Date of First Delinquency: | 12/2008 | | |