United States District Court
Northern District of California

ROBERT H. O'CONNOR,

    Plaintiff,

  v.

JP MORGAN CHASE,

    Defendant.

Case No.: 4:14-cv-00178-KAW

ORDER GRANTING MOTION TO DISMISS

JP Morgan Chase Bank, N.A.[1] moves to dismiss Robert H. O'Connor's complaint and moves for a more definite statement. The motion has been fully briefed. Having reviewed the papers filed by the parties and the arguments advanced by the parties during the hearing on the matter, the Court GRANTS the motion to dismiss as set forth below. The Court DENIES the motion for a more definite statement as moot. The Court also GRANTS Plaintiff permission to file, within 30 days, a motion for leave to file an amended complaint that is consistent with this order.

### I.    BACKGROUND

**A.    Factual background**

By letter dated August 20, 2013, JP Morgan Chase Bank ("Defendant")[2] invited Robert H. O'Connor ("Plaintiff") to contact the bank to discuss mortgage repayment options. (Compl., Ex. A, Dkt. No. 1.) In the letter, Chase indicated that the outstanding balance on the account in

---

[1] Erroneously sued as JP Morgan Chase.

[2] Though JPMorgan Chase is the only defendant listed in the caption of the complaint, Plaintiff also refers to "Defendant 'PDF'" and "Defendant Equifax." *See* Compl. ¶¶ 19, 20, 21. As those entities have not been served, the Court presumes that Plaintiff intended to assert the claims in the complaint only against JPMorgan Chase.

question, which related to a property located in Burlingame, CA, was $107,369.34. (Compl., Ex. A.) Plaintiff describes this letter as a "dunning notice," which according to him, "makes numerous claims . . . regarding an alleged loan, mortgage and or [*sic*] Deed of Trust." (Compl. ¶ 6.) Plaintiff alleges that he does not have any "specific knowledge and evidence that support defendant's claims and allegations." (*Id.*)

Plaintiff asserts that on July 24, 2013, he served Defendant with a "Notice of Validation of Debt." (*Id.* ¶ 7, Ex. B.) He claims that the notice required Defendant to validate or verify the alleged debt pursuant to the Fair Debt Collection Practices Act ("FDCPA"). (Compl. ¶ 7.) According to Plaintiff, Defendant has not responded to his letter. (*Id.* ¶ 8.)

Plaintiff alleges that on November 22, 2013, he obtained a copy of his consumer credit report from Equifax, Experian, and Transunion and discovered that Defendant is reporting the debt referenced in the August 20, 2013 letter to all three credit bureaus. (*Id.* ¶ 9.) Plaintiff also alleges that on the same day he discovered that information, he filed a dispute with the three credit bureaus pursuant to the Fair Credit Reporting Act ("FCRA"). (*Id.*) Plaintiff claims that the erroneous information still remains on his credit report. (*Id.*)

Plaintiff contends that Defendant never extended any credit to him and is not a creditor, but rather a debt collector within the meaning of FDCPA. (*Id.* ¶ 11.) He asserts that Defendant engaged in deceptive and illegal acts in its attempt to collect the disputed debt. (*Id.*) He also alleges that he has suffered significant economic harm as a result of Defendant's erroneous credit reporting. (*Id.* ¶ 10.)

B.   **Procedural background**

On January 13, 2014, Plaintiff filed his complaint, asserting claims for (1) violation of the FCRA; (2) invasion of privacy; (3) negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents; and (4) violation of the FDCPA.[3] (Compl. ¶¶ 13-23, 24-28, 29-31, 32-39.) On February 11, 2014, Defendant moved to dismiss the complaint and moved for

---

[3] The complaint contains four causes of action, but they are misnumbered. The Court will address the claims in the order that they appear in the complaint.

a more definite statement. (Def.'s Mot., Dkt. No. 4.) Plaintiff filed his opposition[4] on April 4, 2014, after requesting an extension of the original February 25, 2014 deadline to file the pleading. (Pl.'s Opp'n, Dkt. No. 16.) Defendant filed its reply on April 11, 2014. (Def.'s Reply, Dkt. No. 19.) On May 13, 2014, Plaintiff also filed a sur-reply to the motion to dismiss, Dkt. No. 21, which is hereby stricken from the record because Plaintiff did not seek Court approval before filing the pleading. Civil L.R. 7-3(d) ("Once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval . . . .").

## II.   LEGAL STANDARD

### A.   Motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal citations and quotations omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a

---

[4] In his opposition, Plaintiff makes numerous references to other claims that he does not assert in his complaint. For example, he argues that MERS did not have authority to assign the deed of trust and that he has a claim under California's Unfair Competition Law. Pl.'s Opp'n at 11, 14. As this is a motion to dismiss, the Court limits its analysis to the allegations contained in the complaint and will not address the causes of action Plaintiff has attempted to introduce in his opposition.

cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate.  *Iqbal*, 556 U.S. at 678 (citation omitted); *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . .  When a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts."  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotations and citations omitted).

### B.    Requests for judicial notice

As a general rule, a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion to dismiss for failure to state a claim.  *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  A district court, however, may take judicial notice of facts not subject to reasonable dispute that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v. Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993).  Thus, "a court may take judicial notice of 'matters of public record,'" *Lee*, 250 F.3d at 689 (citation omitted), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith*, 307 F.3d 1119.  The court need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. United States Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

4

## III. DISCUSSION

### A. The parties' requests for judicial notice.

#### 1. Defendant's request for judicial notice

Defendant asks that the Court take judicial notice of a number of documents in support of its motion to dismiss. (Def.'s RJN, Dkt. No. 5.) The documents are purportedly true and correct copies of the following documents: (A) a deed of trust recorded on April 11, 2006; (B) a notice of default and election to sell recorded on March 2, 2009;[5] (C) a substitution of trustee recorded on April 14, 2009; (D) an assignment of deed of trust recorded on May 15, 2009; (E) a notice of trustee's sale recorded on June 4, 2009; (F) a notice of trustee's sale recorded on June 29, 2010; (G) a notice of trustee's sale recorded on September 22, 2010; (H) a substitution of trustee recorded on October 16, 2012; (I) a notice of trustee's sale recorded on October 24, 2012; (J) a notice of trustee's sale recorded on January 31, 2013; (K) a deed of trust recorded on August 22, 2007; (L) a notice of default and election to sell recorded on January 4, 2010; (M) a substitution of trustee recorded on May 4, 2010; and (N) a notice of trustee's sale, which was also recorded on May 4, 2010.

Defendant also requests judicial notice as to the following court documents: (O) a copy of the summons and complaint relating to a state court action Plaintiff commenced on March 16, 2011; (P) a copy of Plaintiff's request for voluntary dismissal is another state court case; (Q) a copy of the summons and complaint in a third case state court case, which Plaintiff filed on February 8, 2013;[6] and (R) Plaintiff's claim and order to go to small claims court.

In his opposition to the motion to dismiss, Plaintiff, who at the same time attaches several new documents to that pleading, urges the Court not to take judicial notice of Defendant's documents. (Pl.'s Opp'n at 8.) He argues that the documents are hearsay, that the documents are

---

[5] This document does not bear the seal of any county recorder's office. It appears to a copy of the document that was generated by a title insurance company. *See* Def.'s RJN, Ex. B.

[6] The actual exhibit only includes a copy of the complaint, not the summons. *See* Def.'s RJN, Ex. Q.

5

not substantiated or authenticated, and that even if the Court could properly take judicial notice of the documents, it could only take judicial notice of their existence, not their contents. (*Id.* at 8, 9.)

Despite Plaintiff's arguments to the contrary, the Court finds that the documents identified as exhibits A, and exhibits C through N are true and correct copies of official public records, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). The Court, therefore, takes judicial notice of those documents. The Court also takes judicial notice of documents identified as exhibits O through Q, which are true and correct copies of documents filed in state court. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

### 2. Plaintiff's request for judicial notice

Plaintiff has also attached numerous exhibits to his opposition to the motion to dismiss, which the Court construes as a request for judicial notice. Attached to his opposition are the following documents: (A) a copy of the same July 24, 2013 letter Plaintiff attached to his complaint; (B) a copy of the same assignment of deed of trust, recorded on May 15, 2009, that Defendant included in its own request for judicial notice as exhibit D; (C) various letters from WaMu and Chase; (D) a copy of the August 20, 2013 "dunning notice" Plaintiff attached to his complaint; (E) a second copy of the July 24, 2013 letter Plaintiff attached to his complaint; (F) a second copy of the August 20, 2013 "dunning notice" Plaintiff attached to his complaint; (G) credit report excerpts; (H) a third copy of the August 20, 2013 "dunning notice" attached to Plaintiff's complaint; (I) a fourth and fifth copy that notice; (J) a credit report excerpt; (K) a November 7, 2013 letter; (L) a sixth copy of the purported "dunning notice;" (M) a seventh copy of that same notice; and (N) another credit report excerpt.

Given that exhibits A, D, E, F, H, I, L, M are copies of the documents that are attached to Plaintiff's complaint, the Court does not take judicial notice of these duplicative documents. The Court does take judicial notice of exhibit B, as it is a true and correct copy of an official public record, whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). The Court denies

6

Plaintiff's request for judicial notice of exhibits C, G, J, K, and N, as Plaintiff has not articulated a proper basis upon which this Court may take judicial notice of these materials.

### B. The Court grants Defendant's motion to dismiss.

Defendant seeks dismissal of Plaintiff's complaint on the ground that it fails to state a claim upon which relief can be granted. (Def.'s Mot. at 5.) Defendant first argues that Plaintiff's claims fail because they are barred by the tender rule, which requires that a plaintiff allege tender of the amount of secured indebtedness as a prerequisite to challenging an irregularity in the foreclosure sale process or asserting claims implicitly integrated with a foreclosure sale. *(Id.)* This argument is unavailing because, to the extent that a foreclosure sale has not occurred in this case, one of the exceptions to the tender rule applies here. *See Chavez v. Indymac Mortg. Servs.*, 219 Cal. App. 4th 1052, 1062 (2013) ("Recognized exceptions to the tender rule include when: (1) the underlying debt is void; (2) the foreclosure sale or trustee's deed is void on its face; (3) a counterclaim offsets the amount due; (4) specific circumstances make it inequitable to enforce the debt against the party challenging the sale; or (5) the foreclosure sale has not yet occurred.") (citations omitted). Absent any argument from Defendant to the contrary, then, the Court is not persuaded that the tender rule bars Plaintiff's claims, even if they are implicitly integrated with a scheduled foreclosure sale. Defendant next argues that Plaintiff's claims fail as pled. (*Id.* at 6, 8, 10, 12.) This argument has merit.

#### 1. Plaintiff cannot state a viable FCRA claim.

Plaintiff alleges that Defendant failed to delete inaccurate information on his credit report, investigate his disputes, and follow reasonable procedures to maintain the accuracy of his credit report. (Compl. ¶ 19.)

The FCRA imposes certain obligations on persons who furnish information to consumer reporting agencies. *See* 15 U.S.C. § 1681s-2. Subsection (a) imposes a duty to provide accurate information and subsection (b) imposes a series of duties once a furnisher receives notice directly from a consumer reporting agency that a consumer disputes the accuracy of the information

7

reported by the furnisher. 15 U.S.C. § 1682s–2(a), (b). Plaintiff alleges violations of both subsections,[7] which the Court addresses below.

        a.    *There is no private right of action under § 1681s-2(a).*

Plaintiff alleges that Defendant violated § 1681s-2(a) of the FCRA, which prohibits furnishers from reporting information they know, or have reason to believe, is inaccurate. 15 U.S.C. § 1681s-2(a)(1)(A); *Giovanni v. Bank of Am., Nat. Ass'n*, C 12-02530 LB, 2013 WL 1663335, at *5 (N.D. Cal. Apr. 17, 2013). As Defendant argues, however, consumers have no private right of action against a furnisher of false information under § 1681s-2(a). *Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1059 (9th Cir. 2002) ("This limitation on liability and enforcement is reinforced by subsection (d) of § 1681s-2, which provides that subsection (a) 'shall be enforced exclusively under section 1681s of this title by the Federal agencies and officials and the State officials identified in that section.'"); *Gens v. Wachovia Mortgage Corp.*, 10-CV-01073-LHK, 2011 WL 1791601, at *7 (N.D. Cal. May 10, 2011), aff'd, 503 F. App'x 533 (9th Cir. 2013).

Thus, the conduct Plaintiff alleges in the complaint is not actionable under § 1681s-2(a) because that provision does not provide for a private right of action. *Gens*, 2011 WL 1791601, at *7. Accordingly, Plaintiff's claim under § 1681s-2(a) is dismissed with prejudice, as the lack of a private right of action makes any further amendment futile.

        b.    *Plaintiff's claim under § 1681s-2(b) of the FCRA also fails.*

Plaintiff, however, does have a private right of action under § 1681s-2(b) of the FCRA. *See Nelson*, 282 F.3d at 1060. That provision imposes a series of duties once a furnisher receives notice directly from a consumer reporting agency that a consumer disputes the accuracy of the information the furnisher reported. *Landini v. FIA Card Servs., Nat'l Ass'n*, C13-01153 HRL, 2014 WL 587520, at *3 (N.D. Cal. Feb. 14, 2014). After receiving a notice of dispute from a consumer reporting agency, the furnisher must:

---

[7] Plaintiff also contends that Defendant violated 15 U.S.C. § 1681e(b). Compl. ¶ 19. That provision, however, only applies to consumer reporting agencies or procurers of credit reports for resale, not furnishers. As Plaintiff has not alleged that Defendant falls under either category, any claim based on this provision fails.

8

(A) conduct an investigation with respect to the disputed information;
(B) review all relevant information provided by the consumer reporting agency pursuant to section 1681(a)(2) of this title;
(C) report the results of the investigation to the consumer reporting agency;
(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis and;
(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for the purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--
   (i) modify that item of information;
   (ii) delete that item of information; or
   (iii) permanently block the reporting of that item of information.

15 U.S.C. § 1681s-2(b)(1).

While Plaintiff has a private right of action under § 1681s-2(b), his FCRA claim is still not viable. As Defendant argues, Plaintiff makes only conclusory allegations regarding the disputed debt and Defendant's conduct and fails to specify the purportedly inaccurate information, the language of his notice to the credit reporting agencies, and how the Defendant's investigation was unreasonable or otherwise deficient.[8] (Def.'s Mot. at 7.) This is insufficient to survive a motion to dismiss, and the new allegations Plaintiff seeks to introduce in his opposition, *see* Pl.'s Opp'n at 13-14, do not warrant a different outcome, as they are not contained in the complaint. *See Navarro*, 250 F.3d at 732 (a 12(b)(6) motion tests the legal sufficiency of the complaint).

Accordingly, Plaintiff's FCRA claim is dismissed, but since Plaintiff could possibly allege additional facts demonstrating how any investigation of the disputed debt was insufficient, the claim is dismissed without prejudice.

///
///
///
///
///

---

[8] In fact, when the Court asked Plaintiff to explain how any investigation by Defendant was deficient, he had no response.

2.     Plaintiff cannot state a cognizable claim for invasion of privacy.

    a.     *Right to privacy under federal law*

Plaintiff maintains that he has an enumerated right to privacy under the U.S. Constitution. (Compl. ¶ 26.)  As Defendants correctly point out, there is no such enumerated right to privacy.[9] *Roe v. Wade*, 410 U.S. 113, 152 (1973) ("The Constitution does not explicitly mention any right to privacy.").  As a result, this claim, to the extent it is based on federal law, fails and is subject to dismissal with prejudice.

    b.     *Right to privacy under state law*

Plaintiff also asserts that he has an enumerated right to privacy under the California Constitution.  (Compl. ¶ 26.)  He claims to have been damaged in that his "proprietary, confidential, [and] most personal information was unlawfully and illegally breached by [D]efendant." *(Id.)*  According to Plaintiff, he did not provide his social security number to Defendant, as he never applied for or received credit or services from Defendant.  *(Id.)*

According to Defendant, Plaintiff's invasion of privacy claim appears to fail for a simple reason:  it is preempted.  (Def.'s Mot. at 8.).  It argues that § 1681t(b)(1)(F) of the FCRA precludes states from imposing "any requirements or prohibitions on furnisher's duties to report accurately and correct identified discrepancies as set forth in [§] 1681s-2." *Id.* (footnote omitted).

Courts have interpreted § 1681t(b)(1)(F) " to preclude all state common law and statutory claims, to effect Congress' intent to limit a plaintiff's recovery against furnishers of credit information to only the remedies provided under the FCRA." *Miller v. Bank of Am., N.A.*, 858 F. Supp. 2d 1118, 1124 (S.D. Cal. 2012) (citations omitted).  Courts have also recognized the

---

[9] Defendant rests solely on the absence of an enumerated right to privacy in the U.S. Constitution but does not address the fact that the Supreme Court "has recognized that a right of personal privacy, or a guarantee of certain areas or zones of privacy, does exist under the Constitution." *Roe*, 410 U.S. at 152.  Even if that is the right Plaintiff attempted to refer to in his complaint, it does not embrace the purported privacy interest Plaintiff seeks to protect here, i.e., the interest in being free from allegedly unlawful and illegal procurement of proprietary, confidential, and personal information, including his social security number. *See, e.g., Roe*, 410 U.S. at 153 (right to privacy protects a woman's right to have an abortion); *Stanley v. Georgia*, 394 U.S. 557, 569 (1969) (right to privacy protects the possession and viewing of child pornography in one's own home); *Loving v. Virginia*, 388 U.S. 1, 12 (1967) (right to privacy protects freedom to marry or not marry).

tension between § 1681t(b)(1)(F) and § 1681h(e), which suggests that a plaintiff can maintain claims for defamation, invasion of privacy, or negligence against a furnisher of credit information when the plaintiff alleges that the furnisher provided "false information . . . with malice or willful intent to injure . . . . " *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1166 (9th Cir. 2009) ("Attempting to reconcile the two sections has left district courts in disarray.").

Here, Plaintiff's cause of action relies on Defendant's purported status as a "debt collector." (*See* Compl. ¶¶ 25-26.) In this respect, Defendant's alleged invasion of privacy, i.e., using Plaintiff's social security number to report purportedly inaccurate information to credit reporting agencies, is regulated by federal law and as such, would be preempted by the FCRA. Plaintiff, however, has also alleged that Defendant acted willfully, with malice, and the intent to harm him. (Compl. ¶ 20.) As Plaintiff argues, this allegation could bring Plaintiff's invasion of privacy claim outside the scope of the FCRA's preemption clause, a possibility that Defendant does not address. *See Gorman*, 584 F.3d at 1167 (declining to decide the FCRA's preemption clause applied to a state law involving allegations of malice). Without addressing that possibility, Defendant's argument that Plaintiff's invasion of privacy claim is preempted is not persuasive.

Nonetheless, even if Plaintiff's invasion of privacy claim were not preempted, Plaintiff cannot state a viable claim for relief. The right of privacy articulated in Article 1, Section 1 of the California Constitution "protects an individual's reasonable expectation of privacy against a serious invasion." *Khalilpour v. CELLCO P'ship*, C 09-02712 CW MEJ, 2010 WL 1267749, at *3 (N.D. Cal. Apr. 1, 2010) (citing *Hill v. National Collegiate Athletes Assn.,* 7 Cal. 4th 1, 36-37, (1994)). A party claiming a violation of the constitutional right of privacy established in article I, section I of the California Constitution must establish (1) a legally protected privacy interest, (2) a reasonable expectation of privacy under the circumstances, and (3) a serious invasion of the privacy interest. *Heidorn v. BDD Mktg. & Mgmt. Co., LLC,* 2013 U.S. Dist. LEXIS 177166, at * 35-38 (N.D. Cal. Aug. 19, 2013) (citing *Int'l Fed'n of Professional and Technical Engineers, Local 21, AFL-CIO v. Superior Court*, 42 Cal. 4th 319, 338, (2007)).

As Defendant argues, disclosure of a social security number does not constitute a serious invasion of a privacy interest. (*See* Def.'s Mot. at 10.) Moreover, Plaintiff has not alleged that

11

Chase actually disclosed any of his information, only that Defendant possesses it.  *(Id.)*  In addition, Plaintiff's allegation that he "has never applied for credit or services" with Chase is completely undermined by Plaintiff's current efforts to obtain a loan modification from Defendant,[10] "a process that necessarily requires Plaintiff to share personal financial information with Chase."  (*See* Def.'s Mot. at 10.)

For the reasons set forth above, Plaintiff's cause of action for invasion of privacy is dismissed with prejudice

### 3. Plaintiff's claim for negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents fails.

Plaintiff alleges that Defendant was aware of its wrongful conduct in creating an alleged debt, that it knew and approved "its incompetent employees and agents, attorney debt collectors, repossession agents, and debt collection against Plaintiff."  (Compl. ¶ 30.)  He also asserts that Defendant "negligently, wantonly, and/or intentionally hired, trained, retained, and/or supervised incompetent debt collectors . . . [and] is therefore responsible and liable to plaintiff for the wrongs committed against them . . . . "  *(Id.)*

Under California law, an employer can be liable for negligently hiring, supervising, or retaining an unfit employee.  *Inzerillo v. Green Tree Servicing, LLC*, 13-CV-06010-MEJ, 2014 WL 1347175, at *6 (N.D. Cal. Apr. 3, 2014) (citing *Doe v. Capital Cities*, 50 Cal. App. 4th 1038, 1054 (1996)).  The rationale for imposing liability is that "if an enterprise hires individuals with characteristics which might pose a danger to customers or other employees, the enterprise should bear the loss caused by the wrongdoing of its incompetent or unfit employees."  *Inzerillo*, 2014 WL 1347175, at *6 (citing *Mendoza v. City of Los Angeles*, 66 Cal. App. 4th 1333, 1339 (1998)).  Such liability will be imposed on an employer if it "knew or should have known that hiring the employee created a particular risk or hazard and that particular harm materializes."  *Phillips v. TLC Plumbing, Inc.*, 172 Cal. App. 4th 1133, 1139 (2009) (citing *Doe*, 50 Cal. App. 4th at 1054).

Defendant contends that Plaintiff's allegations are wholly conclusory.  (Def.'s Mot. at 11.)  The Court agrees.  In his complaint, Plaintiff merely asserts that Defendant is liable for this tort,

---

[10] Plaintiff acknowledged, at the hearing, that he is attempting to obtain a loan modification on the subject loan from Chase.

but he does not plead sufficient factual matter to sustain the claim.  He does not name specific employees, does not identify the alleged incompetence, or otherwise describe the conduct giving rise to this cause of action.

Given these deficiencies, Plaintiff's claim for negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents is dismissed.  These deficiencies, however, may be cured through amendment.

### 4. Plaintiff cannot state a viable FDCPA claim.

The FDCPA prohibits "'debt collector[s]' from making false or misleading representations and from engaging in various abusive and unfair practices." *Heintz v. Jenkins,* 514 U.S. 291, 292 (1995).  In order to establish a claim under the FDCPA, a plaintiff must show: (1) that he is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of 15 U.S.C. § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, 15 U.S.C. §§ 1692a–1692o.  *Gutierrez v. Wells Fargo Bank*, C 08-5586 SI, 2009 WL 322915, at *2 (N.D. Cal. Feb. 9, 2009).

In order to be liable under the FDCPA, a defendant must fall within the statutory definition of "debt collector" and have been engaged in the collection of a debt. *Gutierrez*, 2009 WL 322915, at *2; *see Izenberg v. ETS Servs., LLC,* 589 F. Supp. 2d 1193, 1198–99 (C.D. Cal. 2008). A "debt collector" is (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or (2) who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6).

Plaintiff alleges that Defendant "continue[s] to make attempts at collection of the alleged debt through erroneous credit reporting, and illegal acts of foreclosure. (Compl. ¶ 36.)  In his opposition, Plaintiff asserts that he is a "consumer" within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d), and that the debt arises out of a transaction incurred for personal purposes because it deals with the purchase of a home.  (Pl.'s Opp'n at 19.)

13

1  Defendant argues that Plaintiff's FDCPA claim fails for two reasons: (1) Defendant is not
2 a "debt collector" within the meaning of the statute, and (2) the FDCPA does not apply to
3 residential home loans, that is, that it does not govern foreclosure proceedings commenced
4 pursuant to a deed of trust. (Def.'s Mot. at 12-13; Def.'s Reply at 4-6.)

5  The Court agrees that, to the extent Defendant is acting as a loan servicer for the loan at
6 issue in this face, it faces no liability under the FDCPA. One of the judicially-noticed documents
7 indicates that Defendant is successor-in-interest to Washington Mutual Bank, Plaintiff's original
8 lender. (Def.'s RJN, Ex. L). Because the document that contains this information is a notice of
9 default, it suggests that Defendant became Washington Mutual's successor-in-interest prior to the
10 time the debt was in default. *See id.* This defeats Plaintiff's allegations that Defendant is a debt
11 collector within the meaning of the FDCPA. *See Caballero v. Ocwen Loan Servicing*, C-09-
12 01021 RMW, 2009 WL 1528128, at * 1 (N.D. Cal. May 29, 2009) (mortgagors, mortgage
13 servicing companies, and any assignees of a debt are not debt collectors under the FDCPA so long
14 as the debt was not in default at the time it was assigned).

15  Even if, however, Defendant could be considered a "debt collector" within the meaning of
16 the statute, non-judicial foreclosure proceedings do not fall within the purview of the FDCPA.
17 *Ligon v. JP Morgan Chase Bank*, No. C 11-2504 MEJ, 2011 WL 2550836, at *3 (N.D. Cal. June
18 27, 2011) (collecting cases). The act of foreclosing on a property does not constitute debt
19 collection within the meaning of the FDCPA but enforcement of a lender's security interest
20 pursuant to the terms of a deed of trust. *Hulse v. Ocwen Fed. Bank, FSB,* 195 F. Supp. 2d 1188,
21 1204 (D. Or. 2002) ("Foreclosure by the trustee is not enforcement of the obligation because it is
22 not an attempt to collect funds from the debtor."). Here, as Plaintiff concedes, the conduct
23 complained of concerns the property which is the subject of a parallel state court lawsuit and as to
24 which Defendant has commenced foreclosure proceedings. (Pl.'s Opp'n at 2, 3.) While Plaintiff
25 argues that Defendant engaged in a number of debt collection activities such as making phone
26 calls, mailing letters demanding payment, and failing to validate the purportedly disputed debt,

*see* Pl.'s Opp'n at 19, this conduct is part and parcel of the foreclosure proceedings initiated against the Burlingame property and is thus not actionable under the FDCPA.[11]

Accordingly, as no set of facts would allow Plaintiff to state a claim for relief under the FDCPA based on foreclosure proceedings, the claim is dismissed with prejudice.

### C. The Court grants Plaintiff permission to file a motion for leave to file an amended complaint.

Though the claims Plaintiff asserts in his complaint fail, the Court is not convinced that Plaintiff cannot allege any set of facts that might entitle him to relief.  For this reason, the Court will allow Plaintiff, if he wishes to pursue this action, to file a motion for leave to file an amended complaint that includes non-conclusory allegations supporting his remaining causes of action within 30 days of this order.  The motion shall conform to Civil Local Rule 10-1, and shall include a copy of the proposed amended complaint.  As the proposed amended complaint will supersede the original complaint, it shall not incorporate any part of the original complaint by reference or contain any of the causes of action which, as discussed above, are hereby dismissed with prejudice.  If Plaintiff does not file a motion for leave to file an amended complaint within 30 days of this order, the Court will dismiss this action with prejudice.

If Plaintiff does elect to continue prosecuting this case, he may wish to consult a manual the Court has adopted to assist *pro se* litigants.  This manual, and other free information, is available online at:  http://cand.uscourts.gov/proselitigants.  Plaintiff may also wish to contact the Federal Pro Bono Project's Help Desk—a free service for *pro se* litigants—by calling (415) 782-8982.

///

///

///

---

[11] In his opposition, Plaintiff also argues that "[c]ollection agents violate the FDCPA if they file a debt collection lawsuit against a consumer after the statute of limitation[s] [has] expired."  Pl.'s Opp'n at 20.  Here, Defendant has commenced non-judicial foreclosure proceedings and Plaintiff, not Defendant, has commenced this action.  It is unclear, then, how Plaintiff could allege a plausible claim for relief based on the filing of a debt collection lawsuit concerning a time-barred debt.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS Defendant's motion to dismiss Plaintiff's complaint and grants Plaintiff permission to file a motion for leave to file an amended complaint as set forth in this order.

IT IS SO ORDERED.

Dated: May 29, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge