UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT H. O'CONNOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JP MORGAN CHASE,<br><br>　　　　Defendant. | Case No. 14-cv-00178-KAW<br><br>**ORDER REGARDING MOTION TO DISMISS**<br><br>Re: Dkt. No. 31 |

　　　JP Morgan Chase Bank, N.A. moves to dismiss Robert H. O'Connor's first amended complaint. The motion has been fully briefed and is suitable for disposition without hearing pursuant to Civil Local Rule 7-1(b). For the reasons set forth below, the Court dismisses the sole federal claim in the amended complaint without leave to amend and declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. These claims are dismissed without prejudice to refiling in state court.

## I.　　BACKGROUND

### A.　　Factual background

　　　Plaintiff alleges that on or about December 22, 2013, he obtained a copy of his credit report. (Am. Compl. ("FAC") ¶ 11, Dkt. No. 25.) He claims that Defendant "had made a negative entry on [*sic*] all three credit bureaus." *(Id.)* He also alleges that "[a]t the time Plaintiff had not obtained any services, nor had contracted to receive any services from hem [*sic*] in the future." *(Id.)* According to Plaintiff, Defendant "had not only made an inquiry, but a negative entry, without the knowledge of the Plaintiff, and without permissible purposes as stated in 15 usc 1681b." *(Id.)* Plaintiff further asserts that "Defendant obtained the credit report by misrepresenting to the credit bureaus that they [*sic*] had a right to run Plaintiff's credit." This, he

claims, constitutes a willful and negligent violation of 15 U.S.C. § 1681q.  (FAC ¶ 21.)

### B. Procedural background

Plaintiff commenced this action on January 13, 2014, bringing claims for (1) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2; (2) invasion of privacy; (3) negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents; and (4) violation of the FDCPA.  (Compl. ¶¶ 13-23, 24-28, 29-31, 32-39, Dkt. No. 1.)  On February 11, 2014, Defendant moved to dismiss the complaint and moved for a more definite statement.  (Def.'s Mot. to Dismiss, Dkt. No. 4.)

The Court granted the motion to dismiss and denied the motion for a more definite statement as moot.  (May 29, 2014 Order, Dkt. No. 23.)  Plaintiff's claims for violation of the FDCPA and invasion of privacy were dismissed with prejudice.  (*Id.* at 12, 15.)  The Court, however, permitted Plaintiff to file a motion for leave to file an amended complaint that included non-conclusory allegations supporting his claims for violation of the FCRA and for negligent, wanton, and/or intentional hiring and supervision of incompetent employees or agents.  (*Id.* at 15.)

With respect to the FCRA claim brought pursuant to 15 U.S.C. § 1681s-2(b),[1] the Court determined that dismissal was warranted because Plaintiff made "only conclusory allegations regarding the disputed debt and Defendant's conduct and fail[ed] to specify the purportedly inaccurate information, the language of his notice to the credit reporting agencies, and how the Defendant's investigation was unreasonable or otherwise deficient."  (*Id.* at 9.)  Nonetheless, the Court dismissed the claim without prejudice because these deficiencies could possibly be cured by amendment.  *(Id.)*

On June 27, 2014, Plaintiff filed a motion for leave to file a first amended complaint.  (Pl.'s Mot. for Leave, Dkt. No. 24.)  The Court granted the motion as unopposed.  (Aug. 5, 2014 Order, Dkt. No. 29.)  In his "First Amended Complaint for Violation Fair Credit Reporting Act," Plaintiff asserts claims for (1) violations of a new section of the FCRA, (2) violations of the Rosenthal Fair

---

[1] This provision imposes a series of duties on a furnisher once it receives notice directly from a consumer reporting agency that a consumer disputes the accuracy of information reported by the furnisher.

1  Debt Collection Practices Act, (3) negligence, (4) violations of the California Consumer Credit
2  Reporting Agencies Act, and (5) intentional infliction of emotional distress.  (FAC ¶¶ 20-28, 29-
3  35, 36-40, 41-43, 44-46.)

4  On August 25, 2014, Defendant moved to dismiss Plaintiff's FAC.  (Def.'s Mot., Dkt. No.
5  31.)  Plaintiff filed his opposition to the motion on September 17, 2014. [2]  (Pl.'s Opp'n, Dkt. No.
6  37.)  Defendant's reply followed on September 23, 2014.  (Def.'s Reply, Dkt. No. 38.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted.  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering a 12(b)(6) motion, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief."  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (internal citations and quotations omitted).

A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  "Threadbare recitals of the elements of a cause of action" and "conclusory statements" are not adequate.  *Iqbal*, 556 U.S. at 678 (citation omitted); *see also Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences

---

[2] In his opposition, Plaintiff attempts to introduce additional FCRA claims that he did not include in the operative complaint.  The Court has already explained that this is improper and will not consider the additional claims here.  *See* May 29, 2014 Order at 3 n.4.

1 are insufficient to defeat a motion to dismiss for failure to state a claim.") (citation omitted). "The
2 plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer
3 possibility that a defendant has acted unlawfully . . . . When a complaint pleads facts that are
4 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and
5 plausibility of entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

6     Pro se pleadings are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)
7 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "A pro se complaint, however inartfully
8 pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . . "
9 *Estelle*, 429 U.S. at 106 (internal citations omitted). Generally, if the court grants a motion to
10 dismiss, it should grant leave to amend even if no request to amend is made "unless it determines
11 that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203
12 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

13     **B.**    **Request for judicial notice**

14     As a general rule, a district court may not consider any material beyond the pleadings in
15 ruling on a 12(b)(6) motion to dismiss for failure to state a claim. *Lee v. City of Los Angeles,* 250
16 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*,
17 307 F.3d 1119 (9th Cir. 2002). A district court, however, may take judicial notice of facts not
18 subject to reasonable dispute that are "capable of accurate and ready determination by resort to
19 sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *United States v.*
20 *Bernal–Obeso,* 989 F.2d 331, 333 (9th Cir. 1993). Thus, "a court may take judicial notice of
21 'matters of public record,'" *Lee*, 250 F.3d at 689, and may also consider "documents whose
22 contents are alleged in a complaint and whose authenticity no party questions, but which are not
23 physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6)
24 into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994),
25 overruled on other grounds by *Galbraith*, 307 F.3d 1119. The court need not accept as true
26 allegations that contradict facts which may be judicially noticed. *See Mullis v. United States*
27 *Bankruptcy Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).
28 ///

## III. DISCUSSION

### A. Requests for judicial notice

#### 1. Defendant's request for judicial notice

Defendant asks that the Court take judicial notice of a number of documents in support of its motion to dismiss. (Def.'s RJN, Dkt. No. 32.) The documents are purportedly true and correct copies of the following documents: (A) a deed of trust recorded on April 11, 2006, as security for Plaintiff's payment obligations under a $1.3 million loan relating to properly located at 2108 Summit Drive, Burlingame, California 94010; (B) a notice of default and election to sell recorded on March 2, 2009;[3] (C) a substitution of trustee recorded on April 14, 2009; (D) an assignment of deed of trust recorded on May 15, 2009; (E) a notice of trustee's sale recorded on June 4, 2009; (F) a notice of trustee's sale recorded on June 29, 2010; (G) a notice of trustee's sale recorded on September 22, 2010; (H) a substitution of trustee recorded on October 24, 2012; (I) a notice of trustee's sale recorded on January 31, 2013; (J) a deed of trust recorded on August 22, 2007, as security for Plaintiff's payment obligations to Washington Mutual under a $200,000 home equity line of credit relating to the same Burlingame property mentioned above; (K) a notice of default and election to sell recorded on January 4, 2010; (L) a substitution of trustee recorded on May 4, 2010; and (M) a notice of trustee's sale, also recorded on May 4, 2010.

Defendant also requests judicial notice as to the following court documents: (N) a copy of the summons and complaint relating to a state court action Plaintiff commenced on March 16, 2011; (O) a copy of Plaintiff's request for voluntary dismissal in another state court case; (P) a copy of the summons and complaint in a third case state court case, which Plaintiff filed on February 8, 2013;[4] and (Q) Plaintiff's claim and order to go to small claims court.

In his opposition to the motion to dismiss, Plaintiff, who at the same time attaches new documents to that pleading, urges the Court not to take judicial notice of Defendant's documents.

---

[3] This document does not bear the seal of any county recorder's office. *See* Def.'s RJN, Ex. B. It appears to a copy of the document that was generated by a title insurance company. *See id.*

[4] The actual exhibit only includes a copy of the complaint, not the summons. *See* Def.'s RJN, Ex. P.

(Pl.'s Opp'n at 2, 3.) He argues that the documents are hearsay and unauthenticated. (*Id.* at 2, 3.)

Despite Plaintiff's arguments to the contrary, the Court finds that exhibit A and exhibits C through M are true and correct copies of official public records whose authenticity is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201(b). The Court, therefore, takes judicial notice of these documents. The Court also takes judicial notice of documents identified as exhibits N through Q, which are true and correct copies of documents filed in state court. *See United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2. Plaintiff's request for judicial notice

Plaintiff has also attached exhibits to his opposition to the motion to dismiss, which the Court construes as a request for judicial notice. Attached to his opposition are: a letter requesting "proof of contract" and a June 22, 2010 letter from Defendant to Plaintiff. (Pl.'s Opp'n, Exs. A, B.) The Court denies Plaintiff's request for judicial notice of these documents because he has not articulated a proper basis upon which this Court may take judicial notice of these documents. Nor does it appear that either document is a proper subject for judicial notice. *See* Fed. R. Evid. 201(b).

**B. Motion to dismiss**

In its prior order, the Court dismissed Plaintiff's FCRA claim, brought pursuant to 15 U.S.C. § 1681s-2(b) because he made "only conclusory allegations regarding the disputed debt and Defendant's conduct and fail[ed] to specify the purportedly inaccurate information, the language of his notice to the credit report agencies, and how the Defendant's investigation was unreasonable or otherwise deficient." (May 29, 2014 Order at 9.) The Court, however, dismissed the claim without prejudice given that these deficiencies could possibly be cured by amendment. *(Id.)*

In the first amended complaint, Plaintiff does not remedy the deficiencies in the original complaint. Instead, he alleges a new FCRA claim, this time relying 15 U.S.C. §§ 1681b, 1681n, and 1681q.

Section 1681b outlines the circumstances under which a consumer reporting agency may furnish a consumer report, such as with the consumer's consent or in connection with a firm offer of credit or insurance.  15 U.S.C. § 1681b(c).  Section 1681n permits a consumer to recover actual damages, punitive damages, and attorneys' fees and costs of suit against "[a]ny person who willfully fails to comply with any requirement imposed under this title [15 U.S.C. §§ 1681 et seq.]."  Section 1681q creates criminal liability for "[a]ny person who knowingly and willfully obtains information on a consumer from a consumer reporting agency under false pretenses."

Plaintiff's FCRA claim is based on the allegations that: (1) Defendant falsely held itself out as one of Plaintiff's creditors, misrepresented that it possessed the right to run his credit, and obtained a copy of his credit report without his consent and without a permissible purpose and (2) Defendant reported negative information to all three consumer reporting agencies by "misrepresent[ing] the status of the account with the original lender (FIRST CALIFORNIA MORTGAGE)."  (*See* FAC ¶¶ 10-12, 19, 21, 23.)  Plaintiff claims that "[a]ccording to [his] credit report the account with the original lender has been paid or is being paid as agreed . . . ."  (*Id.* ¶ 23.)

These allegations fare no better than those in Plaintiff's original complaint.  Plaintiff's allegations about how Defendant wrongfully obtained a copy of his credit report are conclusory.  Plaintiff alleges that "'Defendant' had not only made an inquiry, but a negative entry without the knowledge of Plaintiff, and without permissible purposes."  (FAC ¶ 11.)  But, Plaintiff does not specify when the inquiry was made, he does not explain how his credit report reflected Defendant's inquiry, and he does not plead any other facts that would allow the Court to infer that Defendant actually made an improper inquiry.  As Defendant points out, the credit report excerpt appended to Plaintiff's complaint "merely lists the Chase loan as one of Plaintiff's accounts being reported by the three major Credit Reporting Agencies."  (Def.'s Mot. at 11.)

Plaintiff also denies any credit relationship with Defendant, claiming that "Plaintiff has not applied for, neither have they [*sic*] received any services, insurance, employment or credit with Defendant."  (FAC ¶ 21.)  This allegation, however, conflicts with Plaintiff's own admission, made during the hearing on the first motion to dismiss, that he is currently seeking a loan modification

7

from Defendant. (*See* May 29, 2014 Order at 12 n.12.) It also conflicts with Plaintiff's allegation that he submitted a loan modification application to Defendant, an allegation which he made in earlier state court litigation. (*See* Def.'s RJN, Ex. P at 12.)

Plaintiff's allegations concerning Defendant's reporting of negative information to the credit bureaus also fail, but for a different reason. As this Court has already explained, the provision of the FCRA, § 1681s-2(a), which prohibits furnishers from reporting information that they know or have reason to believe is inaccurate, does not provide for a private right of action. (May 29, 2014 Order at 8.) Thus, to the extent Plaintiff's current FCRA claim is based on the purported misrepresentation of the status of some account, it is not viable.

Even under a liberal construction, Plaintiff's conclusory allegations fall short of a plausible claim for relief. This Court has already given Plaintiff one opportunity to cure the pleading deficiencies in his original complaint. Instead of making an effort to remedy those deficiencies, he has filed an equally deficient pleading that attempts to advance new theories of liability without supplying facts that would lead the Court to conclude that Plaintiff has a plausible claim for relief. This convinces the Court that permitting Plaintiff to amend his complaint once more would be futile. Accordingly, Plaintiff's FCRA claim is dismissed without leave to amend.

As this order disposes of the only remaining federal claim in this case, which Plaintiff identifies as the sole basis for this Court's jurisdiction over the action, *see* FAC ¶ 3, the Court also declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c)(3). "In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state law claims." *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) (citations omitted). Given that an initial case management conference has not been held and a scheduling order has not been entered in this case, this action is still in its early stages. In light of the procedural posture of the case and the lack of original jurisdiction, then, the Court dismisses Plaintiff's state law claims without prejudice to refiling in state court.

### IV.  CONCLUSION

For the reasons set forth above, Plaintiff's FCRA claim is dismissed without leave to amend.  As no federal claim remains, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  These claims are dismissed without prejudice to refiling in state court.

The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: 12/04/2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge